BUFFALO GLASS CO. v. MANUFACTURERS' GLASS CO.

(Circuit Court, W. D. New York. December 19, 1905.)

COURTS—UNITED STATES COURTS—JURISDICTION—CORPORATIONS.

Where service is made upon an officer or agent of a foreign corporation temporarily within the state or district of suit, in order to give a federal court jurisdiction to render a personal judgment against the corporation, it must appear that it was actually and substantially engaged in business in such state or district, its business must have been transacted by some agent or manager representing the corporation, and it must also appear that the local statute provides for suit against such foreign corporation which has been permitted to transact business within the state. A corporation of another state, which had no place of business within the state of suit, but merely solicited and obtained orders for goods therein by correspondence by agent, is not within the rule.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 814.]

On Motion to Vacate Service of Process.

Frost & Huntley, for plaintiff.
Lewis & Lewis, for defendant.

HAZEL, District Judge. It is conceded by the plaintiff that the defendant has no office or place of business in this state, and that the process was served on the president of the defendant while he was attending a convention of manufacturers and jobbers of the business in which the defendant is engaged. The single question is whether the said defendant is engaged in business in this state, and whether it is found here within the meaning of the statute for the service of process. Affidavits were presented showing that the defendant's principal place of business is in Cleveland, Ohio, that it is engaged in the manufacture of glass, and that within the past year the defendant has sold in this state large quantities of glass, and has also entered into contracts for the sale of glass to various firms and corporations engaged in business in this state. In short, the defendant has solicited trade in New York by correspondence and by an agent, and sells its commodity to customers located here. This, however, the contracts of sale not being made in this state, is not, within the meaning of the federal judiciary acts, doing business in the state to authorize the service of process on an agent or officer of a foreign corporation temporarily in the state. To authorize such service of process, the foreign corporation must actually and substantially be engaged in business in this state or district, its business must have been transacted by some agent or manager representing such corporation, and it must also appear that the local statute provides for suit against such foreign

corporation which has been permitted to transact business within the state. These three conditions are necessary, according to the Supreme Court, to give the court jurisdiction. United States v. American Bell Telephone Co. (C. C.) 29 Fed. 37; Mutual Life Ins. Co. v. Spratley, 172 U. S. 618, 19 Sup. Ct. 308, 43 L. Ed. 569. In St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, the court said:

"* * * We are of opinion that, when service is made within the state upon an agent of a foreign corporation, it is essential, in order to support the jurisdiction of the court to render a personal judgment, that it should appear somewhere in the record * * * that the corporation was engaged in business in the state."

In Good Hope Co. v. Railway Barb Fencing Co. (C. C.) 22 Fed. 635, the principle is stated as follows:

"Where a corporation is not engaged in business in this state, there is no room for implying its consent to come here to litigate with a citizen of this state or of a foreign state. In this case the president of the defendant was here in his representative character, but the corporation had never been practically engaged in business here. It had made purchases here occasionally, but it could have made them by correspondence, as well as by the presence of its agents here. If the purchases had been made by correspondence, it could be as logically urged that the corporation was engaged in business here as it can be now. Instead of writing, its agent came here in person. As it has never kept an office here, or carried on any part of its business operations here, or been engaged in any business here, which required it to invoke the comity of the laws of the state, it was not 'found' here for the purpose of being sued."

The case of New Haven Pulp & Board Co. v. Downington Mfg. Co. (C. C.) 130 Fed. 605, cited by the defendant, is not thought to be at variance with the foregoing decisions. There the contracts for the machinery and contracts with other firms and persons for the sale of machinery were made by the officers of the defendant corporation within the state of Connecticut, and hence, in the opinion of the court, such corporation was actually engaged in doing a substantial part of its business in that state. It is not here shown in the opposing affidavits that the contract alleged in the complaint to have been broken was entered into in this state, nor that the defendant is actually engaged in business in this state. I incline to the opinion that the facts bring the case within the rule enunciated by Judge Wallace in the Good Hope Case, supra.

The foregoing observations require that the motion of the defendant be granted, and that the service of the process be vacated.