### WILKINS v. QUEEN CITY SAVINGS BANK & TRUST CO.

(Circuit Court, S. D. New York. February 2, 1907.)

COURTS—FEDERAL COURTS—DISTRICT IN WHICH SUIT TO BE BROUGHT—FOREIGN CORPORATIONS—SERVICE—DOING BUSINESS IN STATE.

> The presence of an officer of a corporation in another state than that of its domicile, for the purpose of discussing a proposed adjustment of a single controversy, does not constitute a doing of business within the state by the corporation such as to subject it to the jurisdiction of a federal court therein by service of process on such officer.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 814.
> Service of process on foreign corporation, see note to Eldred v. American Palace Car Co. of New Jersey, 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

On Reargument.

Albert H. Gleason, for the motion.
Hartwell Cabell, opposed.

LACOMBE, Circuit Judge. I do not understand that Mutual Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569, is authority for the proposition that presence of an officer of a foreign corporation in this state for the purpose of discussing a proposed adjustment of the single controversy between it and plaintiff is sufficient to establish such a "doing business within the state" as will take the case out of the rule laid down in Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, and Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113. The controlling point in the Spratley Case is stated on page 611 of 172 U. S., page 312 of 19 Sup. Ct. (43 L. Ed. 569):

"Having succeeded in taking risks in the state through a number of years, it cannot be said to cease doing business therein when it ceases to take, obtain, or ask for new risks or to issue new policies, while at the same time its old policies continue in force and the premiums thereon are continuously paid by the policy holders to an agent residing in another state, and who was once the agent in the state where the policies holders resided. This action on the part of the company constitutes doing business within the state, so far as is necessary, within the meaning of the law upon this subject. And this business was continuing at the time of the service of process on Mr. Chaffee in Memphis."

In two cases on all fours with the one at bar, Judge Grosscup decided one way (Houston v. Filer [C. C.] 85 Fed. 757) and Judge McPherson the other way (London Machinery Co. v. American Malleable Co. [C. C.] 127 Fed. 1008). The latter decision seems to be more in accord with the weight of authority (see cases cited in the opinion) and with the practice heretofore followed in this district. Clews v. Woodstock Iron Co. (C. C.) 44 Fed. 31.

The former decision vacating service of summons is reaffirmed.