CRAIG v. WELCH MOTOR CAR CO. et al.

(Circuit Court, S. D. New York. December 10, 1908.)

CORPORATIONS (§ 668*) — FOREIGN CORPORATIONS — ACTIONS AGAINST — JURISDICTION.

Under the rule of the federal courts, service of summons in New York on a director of a corporation of another state temporarily in New York on private business, or in connection with a single transaction of the corporation in that state, does not give a court jurisdiction in a personal action against the corporation, where it has never done business in New York, and has no office, agent, or property there.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2613; Dec. Dig. § 668.*

Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

On Motion to Set Aside Service of Summons.

Olcott, Gruber, Bonynge & McManus, for plaintiff.
Rollins & Rollins, for defendant Welch Motor Car Co.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WARD, Circuit Judge. This action was begun in the Supreme Court of New York to recover damages for personal injuries. The defendant, a corporation of the state of Minnesota, engaged in the manufacture of automobiles, appeared specially to remove the case to this court, and now moves to set aside the service of the summons.

The defendant never has done, and does not now do, any business in this state, nor has it any office, agent, or property here. But, a dispute having arisen between it and a New York corporation which was in the habit of purchasing its automobiles as to credits claimed by the latter, the defendant sent one Welch to New York to make some settlement. A purchase by the defendant of the capital stock and assets of the New York corporation were one of the features under consideration. While these negotiations between Welch and the New York corporation were pending, one of the defendant's directors, named Swart, came to New York, as he says, on his way to visit his old home at Amsterdam. Perlman, president of the New York company, says that Swart came to his office every day between September 1st and 11th, and often discussed the pending negotiations. After he went to Amsterdam the settlement fell through, and Perlman told the attorneys of the plaintiff in this case that Swart could be served at Amsterdam, and himself had the summons served.

As the cause of action arose here, the service was good in the courts of this state, under section 432, Code of Civil Procedure. But the rule in the federal courts is different. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. The affidavits satisfy me that Swart was not acting for the defendant while in this state, and, if he were, a single transaction would not be enough to make service on him as a nonresident director good service on the defendant in the federal courts. Conley v. Mathieson Co., 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Pennsylvania Lumbermen's Insurance Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810; Good Hope Co. v. Railway Co. (C. C.) 22 Fed. 635; Boardman v. S. S. McClure Co. (C. C.) 123 Fed. 614; Louden Co. v. American Co. (C. C.) 127 Fed. 1008; New Haven Pulp Co. v. Manufacturing Co. (C. C.) 130 Fed. 605; Buffalo Glass Co. v. Manufacturers' Glass Co. (C. C.) 142 Fed. 273.

Motion granted.