WEST v. CINCINNATI, N. O. & T. P. RY. CO.

(Circuit Court, N. D. Georgia. May 15, 1909.)

1. COURTS (§ 374*)—FEDERAL COURTS—RULES OF DECISION—SERVICE.

Where a case is removed from a state court, and the defendant, a foreign corporation, appears specially, for the purpose of removal only, and objects to the sufficiency of the service, the Circuit Court must determine such objection for itself, and will not necessarily be controlled by the state law.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 374.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. REMOVAL OF CAUSES (§ 115*)—SERVICE—SUFFICIENCY.

Where service on a foreign corporation is objected to after removal to the federal Circuit Court, the same rule should be applied in determining the sufficiency of the service as in a case originally brought in the Circuit Court.

[Ed. Note.—For other cases, see Removal of Causes, Dec. Dig. § 115.*]

3. COURTS (§ 374*)—FEDERAL COURTS—CONFORMITY TO STATE LAWS—PROCESS.

Defendant, an Ohio railroad corporation, was sued in Georgia on a transitory cause of action arising in Kentucky. Defendant had no tracks in Georgia and did no business in that state, except that it had a commercial agent, whose only duty was to solicit freight and passenger business, without authority to issue bills of lading, sell passenger tickets, or make contracts. Held, that defendant was not doing business in Georgia, so that service on such commercial agent would confer jurisdiction over the corporation so far as the federal courts were concerned, though the state courts had decided the contrary.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 374.*]

S. D. Hewlett and Smith & Hastings, for complainant.
Dorsey, Brewster, Howell & Heyman, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NEWMAN, District Judge. The question now before the court in this case is on the sufficiency of the service. The suit was brought in the city court of Atlanta, and removed by the defendant corporation to this court. The defendant was served by serving Paul A. Wright, its commercial agent here. The language of the service is as follows:

"Georgia, Fulton County:

"Served the defendant, Cincinnati, New Orleans & Texas Pacific Railway Company, a corporation, by serving Paul A. Wright, its commercial agent, by leaving a copy of the within writ and process with him, in person, at the office and place of doing business of said corporation in Fulton county, Georgia,

"This August 4th, 1908.    [Signed]    J. T. Jones, Deputy Sheriff."

In removing the case from the state court to this court, and in its petition for removal, the defendant said:

"Your petitioner further shows that its appearance through its attorneys, to remove this suit, is a special appearance, and does not waive its objection to the jurisdiction of the court—it being solely for the purpose of removal of said Circuit Court of the United States for the Northern District of Georgia."

The original plea in abatement makes the question that Paul A. Wright does not in any sense represent the defendant in this state in such a way as to be an agent upon whom service can be perfected, and that the defendant does not do any such business in the state of Georgia as to give it a residence in the state of Georgia for the purpose of serving it, nor does Paul A. Wright represent it in such way as to make him an agent of the company upon whom service can be perfected, nor does he as such agent do any business for said company as to make said company do any business in the state of Georgia, so that it may be served by the processes of the courts of this state.

The defendant states that it makes this special appearance for the express purpose of objecting to the service and for no other purpose whatsoever. The plea makes the sheriff of Fulton county a party and asks that he be served.

The plea makes the question that the attempt to serve it is not due process of law. An amendment to the plea in abatement is as follows:

"And now comes defendant, and appearing specially for the purpose of this proceeding only, by leave of the court first had and obtained, and amends its plea in abatement and to the jurisdiction previously filed, and for such amendment says:

"Defendant has never been served with any notice or process in the above-stated suit, and the service attempted to be had upon it by serving Paul A. Wright, commercial agent, did not give jurisdiction of this defendant, for that the said defendant is not doing business in the state of Georgia, nor is the said Paul A. Wright its agent in the sense that service upon him would be service upon the company.

"Defendant, in common with the Alabama Great Southern Railway Company, a corporation of Alabama, maintains an office in the city of Atlanta, for the said Paul A. Wright, and pays him a monthly salary for his services as commercial agent only. As such, the said Wright has no authority on behalf of defendant to issue bills of lading for said defendant, nor make contracts of affreightment, nor to sell passenger tickets, nor to make contracts of carriage with passengers, but is solely a soliciting agent, and his duties and authority are to endeavor to have freight, moving from the Southern territory, or into the Southern territory, pass over the lines of defendant, such lines being wholly without the state of Georgia."

The Georgia statute (Civil Code of 1895) on the subject of service of corporations is as follows:

"Sec. 1899. Service of all subpœnas, writs, attachments, and other process necessary to the commencement of any suit against any corporation in any court, except as hereinafter provided, may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced. The officer shall specify the mode of service in his return."

The Court of Appeals of Georgia have had before it in Bell v. N. O. & N. E. Ry. Co., 2 Ga. App. 812, 59 S. E. 102, the question presented here, and has decided in practically the same kind of a case, where a commercial agent is served, that the service is good under the statute. In the opinion by Powell, J., he says:

"We are satisfied that the Legislature of this state intended that service upon an agent bearing such relation to a corporation as Knight does to the defendant in this case should be sufficient under the broad language of section 1899 of the Civil Code of 1895. * * * To this legislative intent it is our duty to give effect, and we will let the federal question take care of itself. See Southern Bell Telephone Company v. Parker, 119 Ga. 727, 47 S. E. 194."

In this case of Southern Bell Telephone Company v. Parker, 119 Ga. 727, 47 S. E. 194, a different kind of agent was served. It appears that in the Telephone Company Case the company had never established a telephone exchange or had an operator at Oglethorpe, Ga., but had a long-distance telephone located in the drug store of Dr. Crumley, who was authorized to receive toll from customers using the telephone placed in his store, and who was paid a commission on the tolls received at that station. Dr. Crumley was served in that case, and, while it is conceded in the opinion that the question was a close one as to whether he was such an agent as was contemplated by the statute, the court held the service sufficient.

It can hardly be doubted from the decision in the Bell Telephone Case that the service of the present suit in the city court of Atlanta would have been sustained in the state courts. The question for determination, then, is whether, the state court having acquired jurisdiction of the case under the law of the state, the Circuit Court should, when the case is removed here by special appearance for that purpose, and the defendant specially appearing to file a plea in abatement, adopt a different rule in view of federal authorities.

The Supreme Court of the United States has held that where a case is removed from the state court to this court, and the defendant, a foreign corporation appearing specially for the purpose of removal only, and the question of the sufficiency of the service is raised, the Circuit Court must determine for itself whether the service was good, and will not necessarily be controlled by the state law on the subject. The principal authority to this effect is Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. In that case, in the opinion by Mr. Justice Gray, discussing this question it is said:

"As the defendant's right of removal into the Circuit Court of the United States can only be exercised by filing the petition for removal in the state court before or at the time when he is required to plead in that court to the

jurisdiction or in abatement, it necessarily follows that, whether the petition for removal and such a plea are filed together at that time in the state court, or the petition for removal is filed before that time in the state court, and that the plea is seasonably filed in the Circuit Court of the United States, after the removal, the plea to the jurisdiction or in abatement can only be tried and determined in the Circuit Court of the United States.

"Although the suit must be actually pending in the state court before it can be removed, its removal into the Circuit Court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein, but enables the defendant to avail himself, in the Circuit Court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said Circuit Court.'"

The same right would appear to exist under subsequent decisions of the Supreme Court, even without the special appearance for the purpose of removal only. In Wabash Western Railway v. Brow, 164 U. S. 271, 278, 17 Sup. Ct. 126, 41 L. Ed. 431, in the opinion by the Chief Justice, this feature of the question is discussed in this way:

"Want of jurisdiction over the person is one of these defenses, and, to use language of Judge Drummond in Atchison v. Morris (C. C.) 11 Fed. 582, we regard it as not open to doubt that 'the party has a right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of Congress to hold that a party, who has the right to remove a cause, is foreclosed as to any question which the federal court can be called upon, under the law, to decide.'

"An appearance which waives the objection of jurisdiction over the person is a voluntary appearance, and this may be effected in many ways, and sometimes may result from the act of the defendant even when not in fact intended. But the right of the defendant to a removal is a statutory one, and he is obliged to pursue the course pointed out, and, when he confines himself to the enforcement of that right in the manner prescribed, he ought not to be held thereby to have voluntarily waived any other right he possesses. An acknowledged right cannot be forfeited by pursuit of the means the law affords of asserting that right. Bank v. Slocomb, 14 Pet. 60, 65, 10 L. Ed. 354. The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it; and to decide that the presentation of the petition and bond is a waiver of the objection would be to place a limitation upon the jurisdiction of the Circuit Court, which is wholly inconsistent with the act.

"Moreover, the petition does not invoke the aid of the court touching relief only grantable in the exercise of jurisdiction of the person. The statute imposes the duty on the state court, on the filing of the petition and bond, 'to accept such petition and bond and proceed no further in such suit,' and, if the cause be removable, an order of the state court denying the application is ineffectual, for the petitioner may, notwithstanding, file a copy of the record in the Circuit Court and that court must proceed in the cause.

"In this aspect the conclusion is impossible that the party submits to the jurisdiction of the state court by availing himself of a right to which he is entitled under the act of Congress, and which the state court is by that act required to recognize.

"It is conceded that, if defendant had stated that it appeared specially for the purpose of making the application, that would have been sufficient; and yet when the purpose for which the applicant comes into the state court is the single purpose of removing the cause, and what he does has no relation to anything else, it is not apparent why he should be called on to repeat that this is his sole purpose; and when removal is had before any step is taken in the case, as the statute provides that 'the cause shall then proceed in the same manner as if it had been originally commenced in said Circuit Court,' it seems

to us that it cannot be successfully denied that every question is open for determination in the Circuit Court, as we have, indeed, already decided.

"The Circuit Court of Appeals held that a petition to remove, without more, was tantamount to a general appearance, but that this result could be avoided by a special appearance accompanying, or made part of, the petition, which would not be waived by or be inconsistent with the general appearance because the application was analogous to an objection to jurisdiction over the subject-matter. We do not concur in this view. By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the state court. in the sense of declining to submit to it, and not necessarily otherwise."

I have quoted somewhat at length from this decision, notwithstanding the fact that in the present case the appearance was specially for the purpose of removal, because it discusses, not only the matter of the right of the defendant in the Circuit Court to object to the sufficiency of the service notwithstanding the fact that it removed without stating that it appeared specially for that purpose, but also generally the rights of a defendant after removal to raise the question of jurisdiction and of service.

In Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113, the case was originally brought in the state court and removed to the Circuit Court by the defendant corporation. After removal a motion was made in the Circuit Court to set aside the summons and service as null and void. Reference to a master was made. After taking testimony the master made a report to the effect that the defendant was not at the time of the service of the summons doing business within the state of New York. Exceptions were filed to the report, and the objections overruled, and the report confirmed. This ruling was assigned as error, and the case went by writ of error to the Supreme Court of the United States. In the opinion by Mr. Justice McKenna, after stating the facts and quoting the statute of New York, the opinion proceeds as follows:

"These sections, it is insisted, gave the state court jurisdiction, and that it follows that the Circuit Court had jurisdiction. But, granting the existence of a cause of action, it is not every service upon an officer of a corporation which will give the state court jurisdiction of a foreign corporation. This was declared in Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. The case arose in New York, and the question presented was 'whether, in a personal action against a corporation which neither is incorporated nor does business within the state, nor has any agent or property therein, service of the summons upon its president, temporarily within the jurisdiction, is sufficient service upon the corporation.'

"As there was a difference between the rulings of the state court of New York and the Circuit Courts of the United States on the question, it was elaborately considered 'upon principle and in the light of previous decisions of this court.' The decisions were examined and the question was answered in the negative, and it was announced, as 'an elementary principle of jurisprudence, that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government.' It was also held that the defendant by filing a petition for removal did not waive defense in the service of summons, and that objection could be made to such service in the Circuit

Court of the United States in the same manner as if the action had been originally commenced there. Goldey v. Morning News was affirmed in Wabash Western Railway Co. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431."

So I think it may be taken as settled law that the same rule would be applied in a removed case as would be in a case originally brought in the Circuit Court. This being true, the right of the Circuit Court of the United States to decide for itself on the sufficiency of the service, irrespective of what would be recognized as sufficient under the statutes or judicial decisions of the state, is fully established by the decisions of the Supreme Court and in many circuits.

In Barrow Steamship Company v. Kane, 170 U. S. 100, 111, 18 Sup. Ct. 526, 530, 42 L. Ed. 964, the rule to be adopted in the Circuit Court on this subject is stated in this way:

"On the other hand, upon the fundamental principle that no one shall be condemned unheard, it is well settled that in a suit against a corporation of one state, brought in a court of the United States held within another state, in which the corporation neither does business, nor has authorized any person to represent it, service upon one of its officers or employés found within the state will not support the jurisdiction, notwithstanding that such service is recognized as sufficient by the statutes of the judicial decisions of the state."

Among a number of decisions in the Circuit Court that might be cited is a recent one by Judge Ward in the Circuit Court of the United States for the Southern District of New York. Craig v. Welch Motor Car Co., 165 Fed. 554. From the brief opinion in the case I extract the following:

"As the cause of action arose here, the service was good in the courts of this state under section 432, Code of Civil Procedure. But the rule in the federal courts is different. Goldey v. Morning News, 166 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. The affidavits satisfy me that Swart was not acting for the defendant while in this state, and, if he were, a single transaction would not be enough to make service on him as a nonresident director good service on the defendant in the federal courts. Conley v. Mathieson Co., 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Pennsylvania Lumbermen's Ins. Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810; Good Hope Co. v. Railway Co. (C. C.) 22 Fed. 635; Boardman v. S. S. McClure Co. (C. C.) 123 Fed. 614; Louden Co. v. American Co. (C. C.) 127 Fed. 1008; New Haven Pulp Co. v. Manufacturing Co. (C. C.) 130 Fed. 605; Buffalo Glass Co. v. Manufacturers' Glass Co. (C. C.) 142 Fed. 273."

See, also, Case v. Smith Lineaweaver & Co. (C. C.) 152 Fed. 730; Wange v. Public Service Ry. Co. (C. C.) 159 Fed. 189.

It being thus well settled both as to removed cases and cases originally brought in the Circuit Court, this court will determine for itself as to the sufficiency of the service, and as to whether a foreign corporation is doing business in the state where the suit is brought, the question is whether in this case the person served was such an agent and doing such business in the state as to make the corporation subject to suit and to service here.

In the recent case of Green v. Chicago, Burlington & Quincy Railway, 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916, the Supreme Court decided that service on a commercial agent of a foreign corporation was not a sufficient service. The headnote of that case pertinent to this service is as follows:

"A railroad company which has no tracks within the district is not doing business therein, in the sense that liability for service is incurred, because it hires an office and employs an agent for the merely incidental business of solicitation of freight and passenger traffic."

In the opinion by Mr. Justice Moody this is said:

"The question here is whether service upon the agent was sufficient, and one element of its sufficiency is whether facts show that the defendant corporation was doing business within the district. It is obvious that the defendant was doing there a considerable business of a certain kind, although there was no carriage of freight or passengers. In support of his contention that the defendant was doing business within the district in such a sense that it was liable to service there, the plaintiff cites Denver & R. G. R. Co. v. Roller, 100 Fed. 738, 41 C. C. A. 22, 49 L. R. A. 77, and Tuchband v. Chicago, etc., Railroad Co., 115 N. Y. 437, 22 N. E. 360. The facts in those cases were similar to those in the present case. But in both cases the action was brought in the state courts, and the question was of the interpretation of a state statute and the jurisdiction of the state courts.

"The business shown in his case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

It is insisted that the qualifying expression in the foregoing extract as to Denver & R. G. R. Co. v. Roller and Tuchband v. Chicago, etc., Railroad to the effect that "in both cases the action was brought in the state courts, and the question was the interpretation of the state statute and the jurisdiction of the state courts," should be taken as a suggestion by the Supreme Court, at least, if not a direct holding, that the question of the sufficiency of the service was one to be controlled by state statutes and decisions. It could hardly be supposed that by a mere suggestion such as this the Supreme Court would reverse all its previous decisions on this subject. After having held in a number of cases that the Circuit Court will decide for itself as to the sufficiency of the service and as to whether the corporation was doing business in the state where sued, it would hardly in this way reverse all of its former rulings. As a matter of fact the Tuchband Case was a case in the state courts, and was never in the federal courts at all. In the Roller Case the person served was a general agent in San Francisco of the defendant foreign corporation, and it would appear that both the Circuit Court and the Circuit Court of Appeals decided that he was such an agent and doing such business for the company in California as made it subject to suit in that state, and that the general agent was a person upon whom service could be properly perfected, and this decision was without reference of any ruling in the state court, but was made upon the facts there appearing as to the character of the agent and his business.

In the present case it appears that the defendant is a foreign railway corporation, has no tracks in Georgia, and does no business in this state, except that it has this commercial agent, Paul A. Wright, who is in the state simply for the purpose of soliciting freight and passenger business; that this agent issues no bills of lading, sells no passenger tickets, and makes no contracts of any kind. Under the conceded facts he is simply and solely a representative of the company for the purpose

of soliciting business. It cannot be true, therefore, under the decisions referred to and under many others which might be cited, that he is such an agent of the company in Georgia as that service can be perfected upon him, or that what he is authorized to do and does is such as that the company can be fairly said to be doing business in Georgia.

The defendant is an Ohio corporation, the cause of action arose in Kentucky, and, while this is a transitory action, the fact that the corporation is doing business in this state should be reasonably clear, at least, before it is required to litigate here, away from its home, and away from the place where the wrong, if any, was inflicted.

I have endeavored, by going very carefully over the matter, to reconcile the decision in the federal court with that of the Court of Appeals in Bell v. N. O. & N. E. Ry. Co., supra; but I am unable to do so. It is perfectly manifest to me that the service in this case cannot be upheld.

It results that the plea in abatement may be sustained, and it is so ordered