### CODY MOTORS CO. v. WARREN MOTOR CAR CO.

(District Court, S. D. New York. April 25, 1912.)

1. COURTS (§ 274*)—FOREIGN CORPORATION—JURISDICTION—SERVICE OF PROCESS—CARRYING ON BUSINESS—"DOING BUSINESS."

   The fact that motor cars built by defendant, a foreign corporation located at Detroit, and having no certificate authorizing it to do business in New York, and no established place of business in the state, were shown in a space leased by defendant at a New York automobile exhibition, and that defendant's officers were present conferring with different persons, including local sales agents, all of the complete cars exhibited, however, being owned by a local concern, did not constitute a doing business in the state which will sustain service of summons upon it therein to give jurisdiction to a federal court.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1162–1164, 1167, 1168; Dec. Dig. § 274.*

   For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640–7641.

   Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585; Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

2. COURTS (§ 274*)—SERVICE ON FOREIGN CORPORATION—DOING BUSINESS IN STATE.

   While the extent to which a foreign corporation must do business in a state to justify the service of process upon it there is not clearly defined, the transaction of some substantial business must be established.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1162–1164, 1167, 1168; Dec. Dig. § 274.*

   Service of process on foreign corporations, see notes to Eldred v. American Palace-Car Co. of New Jersey, 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

At Law. Action by the Cody Motors Company against the Warren Motor Car Company. On motion to set aside service of summons. Motion sustained.

Achilles H. Kohn and Wollman & Wollman (Henry C. Walters, of counsel), for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

NOYES, Circuit Judge. [1] This is a removed case in which it appears that the defendant is a foreign corporation located at Detroit, Michigan, which has not obtained a certificate to do business in this state; which has no established place of business here, and which, except as hereinafter stated, has not, and has never had, any property or agents here.

The contention that the defendant is or has been doing business in this state rests entirely upon the occurrences at the Automobile Exhibition at New York City in January, 1912, as shown by the affidavits. From them it appears that the defendant leased space at the Exhibition for showing automobiles of its manufacture; that this space was marked "Warren"—that being the name of the defendant's car; that defendant owned one automobile chassis which was exhibited, and that the principal officers of the defendant were present at the Exhibition on several days conferring and consulting with the different persons including local sales agents. But the affidavits do not show that the defendant entered into any contracts at the time or sold any cars. The Empire City Auto Company seems to have owned the complete Warren cars which were on exhibition and to have been the corporation interested in the exchange of cars referred to in the plaintiff's affidavits.

[2] While the extent to which a corporation must do business in a state to justify the service of process upon it there is not clearly defined, it is certain that the transaction of some substantial business must be established and, in my opinion, that which took place at the Automobile Exhibition as above outlined did not amount to that. I fail to find the transaction of any substantial business within the state and, under the authorities, am constrained to hold that it was not subject to the service of process here. See the following cases from this circuit: Buffalo Glass Co. v. Manufacturers' Glass Co. (C. C.) 142 Fed. 273; Craig v. Welch Motor Car Co. (C. C.) 165 Fed. 554; Hoyt v. Ogden Portland Cement Co. (C. C.) 185 Fed. 889; Sleicher v. Pullman Co. (C. C.) 170 Fed. 365; Wilkins v. Queen City, etc., Co. (C. C.) 154 Fed. 173.

The motion to set aside the service of the summons is granted.