OSTRANDER v. DEERFIELD LUMBER CO. et al.

District Court, N. D. New York. June 16, 1913. On Rehearing, July 7, 1913.)

**1. REMOVAL OF CAUSES (§ 112\*)—PROCEEDINGS AFTER REMOVAL—MOTION TO VACATE SERVICE.**

A removing defendant may challenge the validity of the service in the federal court after removal, provided he has not entered a general appearance.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 238; Dec. Dig. § 112.\*]

**2. COURTS (§ 344\*) — PROCESS — FOREIGN CORPORATION — RULE OF FEDERAL COURTS.**

Service on an officer of a foreign corporation in a personal action in a state court against the corporation, although good under the state statute, is not necessarily good in the federal courts, which follow the general law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.\*]

**3. CORPORATIONS (§ 668\*)—ACTION AGAINST FOREIGN CORPORATION—JURISDICTION—VALIDITY OF SERVICE.**

Under the rule of the federal courts, service of summons on the president of a foreign corporation, who is temporarily in the state on his own private business, or in relation to a single transaction of the company, does not give the court jurisdiction in a personal action against the corporation, where it has no officer, place of business, agent, or property in the state, and is not carrying on any business within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2603–2627; Dec. Dig. § 668.\*]

At Law. Action by George N. Ostrander against the Deerfield Lumber Company and Amos N. Blandin. On motion by defendants to set aside service of summons. Motion sustained as to the corporation, and denied as to the individual defendant.

Edward M. Angell, of Glens Falls, N. Y., for plaintiff.
J. B. McCormick, of Granville, N. Y., for defendants.

RAY, District Judge. The defendants, having appeared specially and moved this case from the Supreme Court of the state of New York to the District Court of the United States, now move to set aside the service of the summons made on the defendant Deerfield Lumber Company by serving same on Amos N. Blandin, its president, at Troy, N. Y., and on the said Amos N. Blandin individually, on the grounds: (1) That defendant Deerfield Lumber Company is a corporation of the state of Vermont, and not of the state of New York, and has no property, business, or place of business in the state of New York, and that its president was not in the state of New York, transacting any business of or for the company, when the summons was served on him, and that, as to the defendant Blandin, there is no separable controversy; and (2) that defendant Blandin was enticed into the state of New York by the plaintiff by trick, artifice, and deceit, for the purpose of making such service.

I do not need to go into the evidence on this last proposition, but

---

content myself with stating that, while the circumstances of obtaining such service are somewhat suspicious, I do not think the charge made is sustained. The presumption is in favor of honesty of purpose, and, accepting the explanation of the suspicious circumstances, I am of the opinion I would not be justified in holding that the service was obtained in the manner and by the means alleged by the defendant.

[1, 2] On the other question the law is quite strict and well settled. First, the Supreme Court of the United States has held that service of a summons on a nonresident corporation, good under one law, may not be good under the general law, which the federal courts must follow; and, second, that after removal to the United States courts the validity of such service may be attacked and set aside, provided the defendant has not appeared generally and submitted himself to the jurisdiction of the court. Remington v. Central Pac. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959; Goldey v. Morning News, 156 U. S. 523, 525, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Wabash Western R. v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Pennsylvania, etc., v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810; Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942; Louden Machinery Co. v. American M. I. Co. (C. C.) 127 Fed. 1008; Wilkins v. Queen City, etc. (C. C.) 154 Fed. 173; Craig v. Welch Motor Car Co. (C. C.) 165 Fed. 554.

[3] The defendant corporation asserts and so far as appears it had no property or business office or place of business in the state of New York, and neither carried on nor carries on or transacts any business in such state (except that it be occasional and special in relation to some special matter). So far as appears, Mr. Blandin, defendant's president, came into the state of New York February 19, 1913, to consult in regard to some business matter connected with some real property owned by the Rich Lumber Company, a corporation, which land is situated in the state of Vermont, but in fact held no consultation and transacted no business whatever. He was not in the state of New York in his capacity of president of the defendant corporation, or for the purpose of transacting any business for it or in its behalf. He was in the state of New York, therefore, in his individual capacity and on his own business.

Under such circumstances, service on Mr. Blandin was not good service on the defendant corporation. The defendant corporation had no property in the state of New York; it was not transacting or carrying on any business in the state of New York at or about the time the action was commenced; it had no office or place of business in the state of New York; and Blandin, the president, was not in the state of New York on any business of the company, or engaged in transacting any business for the corporation, at the time when service was made.

In Conley v. Mathieson Alkali Works, 190 U. S. 406, 410, 411, 23 Sup. Ct. 728, 729 (47 L. Ed. 1113), it was held:

"Granting the existence of a cause of action, it is not every service upon an officer of a corporation which will give a state court jurisdiction of a foreign corporation."

The *residence* of an officer of a corporation does not necessarily give the corporation a domicile in the state. *He must be there officially representing the corporation in its business.* Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. Service in New York of a summons in New York upon a director of a foreign corporation *who resides in New York* is not sufficient to bring the corporation into court when, *at the time of service*, the corporation was not doing business in the state of New York. The doctrine of Goldey v. Morning News was reiterated and affirmed in Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431. See, also, St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222.

In Lumberman's Insurance Co. v. Meyer, 197 U. S. 407, 25 Sup. Ct. 483, 49 L. Ed. 810, it was held:

"In order that a federal court may obtain jurisdiction over a foreign corporation, the corporation must, among other things, be doing business within the state."

In that case, however, the foreign corporation issued policies of insurance on real property situated in New York. After loss its agents were there adjusting the loss when service was made. This was held sufficient, as the corporation was then engaged in doing business in the state of New York. At page 415 of 197 U. S., at page 485 of 25 Sup. Ct. (49 L. Ed. 810), the court, per Mr. Justice Peckham, said:

"A fire insurance company, which issues its policies upon real estate and personal property situated in another state, is as much engaged in its business when its agents are there under its authority adjusting the losses covered by its policies as it is when engaged in making contracts to take such risks. If not doing business, in such case, what is it doing? It is doing the act provided for in its contract, at the very place where, in case a loss occurred, the company contemplated the act should be done; and it does it in furtherance of the contract and in order to carry out its provisions, and it could not properly be carried out without this act being done; and the contract itself is the very kind of contract which constituted the legal business of the company, and for the purpose of doing which it was incorporated."

In the case at bar there are no facts indicating that the defendant company had any business or was doing any business in the state of New York.

Conley v. Mathieson Alkali Works, supra, is a case where the case was commenced in the state court, and thereafter, and after alleged service of the summons, transferred to the Circuit Court of the United States, where the motion to set aside the service was made. Goldey v. Morning News, supra, Craig v. Welch Motor Car Co., supra, and other cases above cited are where the action was brought in the state court and transferred to the federal courts, where the motion was made to set aside the service.

It follows that service of the summons in this case as against and on the Deerfield Lumber Company was of no force and must be set aside, but the service on the defendant Amos N. Blandin was good and sufficient. Whether the action is one that can be prosecuted against him alone is a question that will come up on the trial.

Ordered accordingly.

## On Rehearing.

Certain papers were not before me when a decision was rendered setting aside the service process on the defendant Deerfield Lumber Company, but refusing to do so as to the defendant Amos N. Blandin individually. I have now examined and considered again all the affidavits and briefs of the respective counsel, but must adhere to my former conclusions. The action is to recover for services in negotiating the sale of certain lands then belonging to the Deerfield Lumber Company pursuant to an agreement for compensation in so doing, and which were sold later. It is alleged that the agreement was between Ostrander, the plaintiff, and both the defendants, and it would seem both were interested in procuring the sale. While defendants deny the agreement, and deny that it was made in the state of New York, as asserted by the plaintiff, for the purposes of this motion, I assume and hold that the agreement was made, and that it was made in the state of New York. Assuming a breach of that agreement and the liability of defendants under it, as I am bound to do on this motion, the question is: Could valid service, which will be recognized by the federal courts, of the summons in this action in the Supreme Court of the state of New York be made on the defendant corporation by service on Amos N. Blandin, the president of the corporation, when he was temporarily in the state of New York, his residence being in the state of New Hampshire, but not on business of the defendant company, and not representing the defendant company, or transacting any business for such company?

The affidavits presented by the plaintiff do not establish that Blandin was in the state of New York on any business of the defendant company, and representing it, when the service of the summons was made on him at Troy, N. Y., or that the company was then doing any business in the state of New York, or that it had any property or place of business, or agent designated by it upon whom service of process could be made in the state of New York. The affidavits tend to show, and I will assume do show, that this property referred to, situated in Vermont, having been sold and transferred to Rich Lumber Company by the Deerfield Lumber Company, some considerable time before, there was some question as to the lines, and Blandin had agreed with one Hanley, the woods superintendent of the Rich Lumber Company, to have lines run or located on said lands, which were situated in the state of Vermont, and not in the state of New York, and that under the employment of Blandin one Howard was then on said lands engaged in locating lines. Also, Blandin had hardwood for sale in Vermont, and Hanley was desirous of discussing both matters with Blandin, and an appointment was made by Hanley with Blandin to meet him and a third person, one Veatries, at Troy, and Blandin and Hanley did meet them at the time the service of the summons was made.

Hanley said they did discuss such matters, but the affidavits fail to show that Blandin even represented himself to be acting for the Deerfield Lumber Company, or that any discussion was had in its behalf, or that it was in fact interested in the discussion. If the Deerfield

Lumber Company, as well as Blandin, was obligated to survey the lines, and was then engaged in such survey, and some discussion was had at Troy between Hanley and Blandin, this hardly rises to the dignity of transacting business within the meaning of the decisions. Blandin was interested in the lands sold and the lines to be run, and the affidavits say he made the agreement as to the lines, but do not show he made any such agreement *as president* or in behalf of the defendant company. But it is not necessary to decide that proposition, as only by way of inference upon a very slight foundation can it be said the defendant had any interest in the matter, and it is not made to appear that Blandin was then representing or acting for the Deerfield Lumber Company in that, so far as appears, independent discussion.

In Craig v. Welch Motor Car Co. et al. (C. C.) 165 Fed. 554, decided by Ward, Circuit Judge, of the Circuit Court of Appeals in this circuit, the plaintiff and defendant had matters in dispute, and defendant, a foreign corporation, sent its agent into the state of New York to effect some sort of a settlement. While these negotiations were in progress, one of the defendant's directors, named Swaut, came to New York City on his way to visit some friends in Amsterdam. It was shown that he went to the office of the plaintiff company every day for some time, and discussed the pending negotiations, which finally fell through. Swaut went on to Amsterdam, and there he was served with the summons in an action in the state court, and the case was removed to the federal court, where the motion was made to set aside the service of the summons. Ward, Circuit Judge, in granting the motion, said:

"As the cause of action arose here, the service was good in the courts of this state [New York] under section 432, Code of Civil Procedure. But the rule in the federal courts is different. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517. The affidavits satisfy me that Swaut was not acting for the defendant while in this state, *and if he were, a single transaction would not be enough* to make service on him as a nonresident director good service on the defendant in the federal courts"—citing many cases.

In Wilkins v. Queen City Savings Bank & Trust Co. (C. C.) 154 Fed. 173, Lacombe, Circuit Judge, also of the Circuit Court of Appeals in the Second Circuit, held:

"The presence of an officer of a corporation in another state than that of its domicile, *for the purpose of discussing a proposed adjustment of a single controversy, does not constitute a doing of business within the state* by the corporation, such as to subject it to the jurisdiction of a federal court thereon by service of process on such officer."

Following these decisions, as I feel bound to do, the presence of Blandin in Troy, N. Y., for the purpose of discussing the matter referred to, even if in behalf of the corporation of which he was president, did not subject the corporation to the jurisdiction of the state courts for the purpose of serving a summons in an action; that is, he was not transacting business within the meaning of the decisions. It was not like adjusting losses, etc. And see Mut. Life Ins. Co. v. Spratley, 172 U. S. 602, 19 Sup. Ct. 308, 43 L. Ed. 569.

I do not need to reiterate what was stated in my former opinion, that it is now settled that service on an officer of a foreign corporation in the state of New York, held good by the courts of that state under the Code of Civil Procedure, is not necessarily good under the federal law, and, if not, then, when the case is removed from the state of New York to the federal court, the service may be set aside, unless the defendant has appeared generally in the state court, or has answered, or otherwise waived the defective service. All cases to the contrary are now overruled by the decision of the Supreme Court of the United States. Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, was a case commenced in the Supreme Court of the state of New York and removed by defendant to the federal court, when the motion to set aside the service was made. The Supreme Court held:

"In a personal action brought in a court of a state against a corporation which neither is incorporated nor does business within the state, nor has any agent or property therein, service of the summons upon its president, temporarily within the jurisdiction, cannot be recognized as valid by the courts of any other government. A corporation sued in a personal action in a court of a state, within which it is neither incorporated nor does business, nor has any agent or property, does not, by appearing specially in that court for the sole purpose of presenting a petition for the removal of the action into the Circuit Court of the United States, and by obtaining a removal accordingly, waive the right to object to the jurisdiction of the court for want of sufficient service of the summons."

The motion to set aside the service on the defendant corporation must be granted.