## GOLDEY v. MORNING NEWS.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF NEW YORK.

No. 55. Argued and submitted December 13, 1894. — Decided March 11, 1895.

Section 1011 of the Revised Statutes, as amended by the act of February 18, 1875, c. 80, providing that there shall be no reversal by this court upon a writ of error "for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court," does not forbid the review of a decision, even on a plea in abatement, of any question of the jurisdiction of the court below to render judgment against the defendant, though depending on the sufficiency of the service of the writ.

In a personal action brought in a court of a State against a corporation which neither is incorporated nor does business within the State, nor has any agent or property therein, service of the summons upon its president, temporarily within the jurisdiction, cannot be recognized as valid by the courts of any other government.

A corporation sued in a personal action in a court of a State, within which it is neither incorporated nor does business, nor has any agent or property, does not, by appearing specially in that court for the sole purpose of presenting a petition for the removal of the action into the Circuit Court of the United States, and by obtaining a removal accordingly, waive the right to object to the jurisdiction of the court for want of sufficient service of the summons.

THIS was an action for a libel, claiming damages in the sum of $100,000, brought in the Supreme Court of the State of New York for the county of Kings, by Catherine Goldey, a citizen of the State of New York, against The Morning News of New Haven, a corporation organized and existing under the laws of the State of Connecticut, and carrying on business in that State only, and having no place of business, officer, agent or property in the State of New York.

The action was commenced January 4, 1890, by personal service of the summons in the city and State of New York upon the president of the corporation, temporarily there, but a citizen and resident of the State of Connecticut; and on January 24, 1890, upon the petition of the defendant, appear-

ing by its attorney specially and for the sole and single purpose of presenting the petition for removal, was removed into the Circuit Court of the United States for the Eastern District of New York, because the parties were citizens of different States, and the time within which the defendant was required by the laws of the State of New York to answer or plead to the complaint had not expired.

In the Circuit Court of the United States, the defendant, on February 5, 1890, appearing by its attorney specially for the purpose of applying for an order setting aside the summons and the service thereof, filed a motion, supported by affidavits of its president and of its attorney to the facts above stated, to set aside the summons and the service thereof, upon the ground " that the said defendant, being a corporation organized under the laws of the State of Connecticut, where it solely carries on its business, and transacting no business within the State of New York, nor having any agent clothed with authority to represent it in the State of New York, cannot legally be made a defendant in an action by a service upon one of its officers while temporarily in said State of New York." Thereupon, that court, after hearing the parties on a rule to show cause why the motion should not be granted, "ordered that the service of the summons herein be, and the same is hereby, set aside and the same declared to be null and void and of no effect, and the defendant is hereby relieved from appearing to plead in answer to the complaint or otherwise herein." 42 Fed. Rep. 112. The plaintiff sued out this writ of error.

*Mr. Mirabeau L. Towns*, for plaintiff in error, submitted on his brief.

*Mr. Henry B. B. Stapler* for defendant is error.

MR. JUSTICE GRAY, after stating the case, delivered the opinion of the court.

This writ of error presents the question whether, in a personal action against a corporation which neither is incorpo-

rated nor does business within the State, nor has any agent or property therein, service of the summons upon its president, temporarily within the jurisdiction, is sufficient service upon the corporation.

The defendant in error has interposed a preliminary objection that the judgment of the Circuit Court upon this question cannot be reviewed, because of the provision of the statutes, that there shall be no reversal in this court upon a writ of error "for error in ruling any plea in abatement, other than a plea to the jurisdiction of the court." Rev. Stat. § 1011, as amended by Act of February 18, 1875, c. 80 ; 18 Stat. 318. But that provision, which has been part of the judiciary acts of the United States from the beginning, has never been, and in our opinion should not be, construed as forbidding the review of a decision, even on a plea in abatement, of any question of the jurisdiction of the court below to render judgment against the defendant, though depending on the sufficiency of the service of the writ. Act of September 24, 1789, c. 20, § 22 ; 1 Stat. 85 ; *Pollard* v. *Dwight*, 4 Cranch, 421 ; *Harkness* v. *Hyde*, 98 U. S. 476 ; *Mexican Central Railway* v. *Pinkney*, 149 U. S. 194.

Upon the question of the validity of such a service as was made in this case, there has been a difference of opinion between the courts of the State of New York and the Circuit Courts of the United States. Such a service has been held valid by the Court of Appeals of New York. *Hiller* v. *Burlington & Missouri Railroad*, 70 N. Y. 223 ; *Pope* v. *Terre Haute Co.*, 87 N. Y. 137. It has been held invalid by the Circuit Courts of the United States, held within the State of New York; *Good Hope Co.* v. *Railway Barb Fencing Co.*, 23 Blatchford, 43 ; *Goldey* v. *Morning News*, 42 Fed. Rep. 112 ; *Clews* v. *Woodstock Co.*, 44 Fed. Rep. 31 ; *Bentlif* v. *London & Colonial Corporation*, 44 Fed. Rep. 667 ; *American Wooden Ware Co.* v. *Stem*, 63 Fed. Rep. 676 ; as well as in other circuits. *Elgin Co.* v. *Atchison &c. Railway*, 24 Fed. Rep. 866 ; *United States* v. *American Bell Tel. Co.*, 29 Fed. Rep. 17 ; *Carpenter* v. *Westinghouse Co.*, 32 Fed. Rep. 434 ; *St. Louis Co.* v. *Consolidated Barb Wire Co.*, 32 Fed. Rep. 802 ; *Reifsnider*

v. *American Publishing Co.*, 45 Fed. Rep. 433; *Fidelity Co.* v. *Mobile Railway*, 53 Fed. Rep. 850. It becomes necessary, therefore, to consider the question upon principle, and in the light of the previous decisions of this court.

It is an elementary principle of jurisprudence, that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction upon him or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government. *D'Arcy* v. *Ketchum*, 11 How. 165; *Knowles* v. *Gaslight Co.*, 19 Wall. 58; *Hall* v. *Lanning*, 91 U. S. 160; *Pennoyer* v. *Neff*, 95 U. S. 714; *York* v. *Texas*, 137 U. S. 15; *Wilson* v. *Seligman*, 144 U. S. 41.

For example, under the provisions of the Constitution of the United States and of the acts of Congress, by which judgments of the courts of one State are to be given full faith and credit in the courts of another State, or of the United States, such a judgment is not entitled to any force or effect, unless the defendant was duly served with notice of the action in which the judgment was rendered, or waived the want of such notice. Constitution, art. 4, sec. 1; Acts of May 26, 1790, c. 11, 1 Stat. 122, and March 27, 1804, c. 56, 2 Stat. 299; Rev. Stat. § 905; *Knowles* v. *Gaslight Co.*, and *Pennoyer* v. *Neff*, above cited.

If a judgment is rendered in one State against two partners jointly, after serving notice upon one of them only, under a statute of the State providing that such service shall be sufficient to authorize a judgment against both, yet the judgment is of no force or effect in a court of another State, or in a court of the United States, against the partner who was not served with process. *D'Arcy* v. *Ketchum*, and *Hall* v. *Lanning*, above cited.

So a judgment rendered in a court of one State, against a corporation neither incorporated nor doing business within

the State, must be regarded as of no validity in the courts of
another State, or of the United States, unless service of proc-
ess was made in the first State upon an agent appointed to
act there for the corporation, and not merely upon an officer
or agent residing in another State, and only casually within
the State, and not charged with any business of the corpora-
tion there. *Lafayette Ins. Co.* v. *French*, 18 How. 404;
*St. Clair* v. *Cox*, 106 U. S. 350, 357, 359; *Fitzgerald Co.* v.
*Fitzgerald*, 137 U. S. 98, 106; *Mexican Central Railway* v.
*Pinkney*, 149 U. S. 194; *In re Hohorst*, 150 U. S. 653, 663.

The principle which governs the effect of judgments of one
State in the courts of another State is equally applicable in the
Circuit Courts of the United States, although sitting in the
State in which the judgment was rendered. In either case,
the court the service of whose process is in question, and the
court in which the effect of that service is to be determined,
derive their jurisdiction and authority from different govern-
ments. *Pennoyer* v. *Neff*, 95 U. S. 714, 732, 733.

For the same reason, service of mesne process from a court
of a State, not made upon the defendant or his authorized
agent within the State, although there made in some other
manner recognized as valid by its legislative acts and judicial
decisions, can be allowed no validity in the Circuit Court of
the United States after the removal of the case into that
court, pursuant to the acts of Congress, unless the defendant
can be held, by virtue of a general appearance or otherwise,
to have waived the defect in the service, and to have sub-
mitted himself to the jurisdiction of the court.

It was contended, in behalf of the plaintiff, that the de-
fendant, by filing in the state court a petition for the removal
of the case into the Circuit Court of the United States, had
treated the case as actually and legally pending in the court
of the State, and had waived all defects in the service of
the summons. This position is supported by a decision of
Mr. Justice Curtis in *Sayles* v. *Northwestern Ins. Co.*, 2 Curtis,
212; by a dictum of Chief Justice Chase in *Bushnell* v.
*Kennedy*, 9 Wall. 387, 393; by opinions of Judge Coxe in
*Edwards* v. *Connecticut Ins. Co.*, 20 Fed. Rep. 452, and Judge

Sage in *Tallman* v. *Baltimore & Ohio Railroad*, 45 Fed. Rep. 156; and by the judgment of the Court of Appeals of New York in *Farmer* v. *National Life Association*, 138 N. Y. 265.

But the ground of the decision in *Bushnell* v. *Kennedy* was, in accordance with earlier and later decisions, that the restriction, in former judiciary acts, upon the jurisdiction of the Circuit Court over a suit originally brought by an assignee, which his assignor could not have brought in that court, did not apply to its jurisdiction by removal of an action originally brought in a state court. *Green* v. *Custard*, 23 How. 484; *Lexington* v. *Butler*, 14 Wall. 282; *Claflin* v. *Commonwealth Ins. Co.*, 110 U. S. 81; *Delaware County* v. *Diebold Co.*, 133 U. S. 473. And the theory that a defendant, by filing in the state court a petition for removal into the Circuit Court of the United States, necessarily waives the right to insist that for any reason the state court had not acquired jurisdiction of his person, is inconsistent with the terms, as well as with the spirit, of the existing act of Congress regulating removals from a court of a State into the Circuit Court of the United States.

The jurisdiction of the Circuit Court of the United States depends upon the acts passed by Congress pursuant to the power conferred upon it by the Constitution of the United States, and cannot be enlarged or abridged by any statute of a State. The legislature or the judiciary of a State can neither defeat the right given by a constitutional act of Congress to remove a case from a court of the State into the Circuit Court of the United States, nor limit the effect of such removal. *Gordon* v. *Longest*, 16 Pet. 97; *Insurance Co.* v. *Morse*, 20 Wall. 445; *Barron* v. *Burnside*, 121 U. S. 186; *Southern Pacific Co.* v. *Denton*, 146 U. S. 202, 207–209. As was said by this court in *Gordon* v. *Longest*, "One great object in the establishment of the courts of the United States and regulating their jurisdiction was to have a tribunal in each State, presumed to be free from local influence, and to which all who were non-residents or aliens might resort for legal redress." 16 Pet. 104.

The act of Congress, by which the practice, pleadings, and

forms and modes of proceeding, in actions at law in the Circuit Court of the United States, are required to conform, as near as may be, to those existing at the time in the courts of the State within which it is held, applies only to cases of which the court has jurisdiction according to the Constitution and laws of the United States. Rev. Stat. § 914; *Southern Pacific Co.* v. *Denton,* above cited; *Mexican Central Railway Co.* v. *Pinkney,* 149 U. S. 194.

By the act of Congress, under which the present action was removed by the defendant into the Circuit Court of the United States, any action at law, brought in a court of a State between citizens of different States, in which the matter in dispute exceeds the sum or value of $2000, may be removed into the Circuit Court of the United States by the defendant, being a non-resident of that State, by filing a petition and bond in the state court "at the time, or at any time before, the defendant is required by the laws of the State, or the rule of the state court in which such suit is brought, to answer or plead to the declaration or complaint of the plaintiff;" and it shall then be the duty of the state court to proceed no further in the suit; and, upon the entry of a copy of the record in the Circuit Court of the United States, "the cause shall then proceed in the same manner as if it had been originally commenced in said circuit court." Act of August 13, 1888, c. 866; 25 Stat. 434, 435.

It has been held by this court, upon full consideration, that the provision of this act, that the petition for removal shall be filed in the state court at or before the time when the defendant is required by the local law or rule of court "to answer or plead to the declaration or complaint," requires the petition to be there filed at or before the time when the defendant is so required to file any kind of plea or answer, "whether in matter of law, by demurrer, or in matter of fact, either by dilatory plea to the jurisdiction of the court or in suspension or abatement of the particular suit, or by plea in bar of the whole right of action," because, as the court said, "Construing the provision now in question, having regard to the natural meaning of its language, and to the history of the legislation

upon this subject, the only reasonable inference is that Congress contemplated 'that the petition for removal should be filed in the state court as soon as the defendant was required to make any defence whatever in that court, so that, if the case should be removed, the validity of any and all of his defences should be tried and determined in the Circuit Court of the United States." *Martin* v. *Baltimore & Ohio Railroad*, 151 U. S. 673, 686, 687.

As the defendant's right of removal into the Circuit Court of the United States can only be exercised by filing the petition for removal in the state court before or at the time when he is required to plead in that court to the jurisdiction or in abatement, it necessarily follows that, whether the petition for removal and such a plea are filed together at that time in the state court, or the petition for removal is filed before that time in the state court and the plea is seasonably filed in the Circuit Court of the United States after the removal, the plea to the jurisdiction or in abatement can only be tried and determined in the Circuit Court of the United States.

Although the suit must be actually pending in the state court before it can be removed, its removal into the Circuit Court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant to avail himself, in the Circuit Court of the United States, of any and every defence, duly and seasonably reserved and pleaded, to the action, " in the same manner as if it had been originally commenced in said circuit court."

How far a petition for removal, in general terms, without specifying and restricting. the purpose of the defendant's appearance in the state court, might be considered, like a general appearance, as a waiver of any objection to the jurisdiction of the court over the person of the defendant, need not be considered ; because, in the petition filed in the state court for the removal of this action into the Circuit Court of the United States, it was expressed that the defendant appeared specially and for the sole and single purpose of presenting the petition for removal. This was strictly a special

appearance for this purpose only, and, whether the attempt to remove should be successful or unsuccessful, could not be treated as submitting the defendant to the jurisdiction of the state court for any other purpose. Likewise, in the motion filed by the defendant in the Circuit Court of the United States, immediately after the action had been removed into that court, for an order setting aside the summons and the service thereof, it was expressed that the defendant appeared by its attorney specially for the purpose of applying for this order. Irregularity in a proceeding by which jurisdiction is to be obtained is in no case waived by a special appearance of the defendant for the purpose of calling the attention of the court to such irregularity. *Harkness* v. *Hyde,* 98 U. S. 476; *Southern Pacific Co.* v. *Denton,* 146 U. S. 202; *Mexican Central Railway* v. *Pinkney,* 149 U. S. 194.

The necessary conclusion appears to this court to be that the defendant's right to object to the insufficiency of the service of the summons was not waived by filing the petition for removal in the guarded form in which it was drawn up, and by obtaining a removal accordingly. And it is gratifying to know that this conclusion is in accord with the general current of decision in the Circuit Courts of the United States. *Parrott* v. *Alabama Ins. Co.,* 5 Fed. Rep. 391; *Blair* v. *Turtle,* 1 McCrary, 372; *Atchison* v. *Morris,* 11 Bissell, 191; *Small* v. *Montgomery,* 5 McCrary, 440, explaining *Sweeney* v. *Coffin,* 1 Dillon, 73, 76; *Hendrickson* v. *Chicago &c. Railway,* 22 Fed. Rep. 569; *Elgin Co.* v. *Atchison &c. Railway,* 24 Fed. Rep. 866; *Kauffman* v. *Kennedy,* 25 Fed. Rep. 785; *Miner* v. *Markham,* 28 Fed. Rep. 387; *Perkins* v. *Hendryx,* 40 Fed. Rep. 657; *Clews* v. *Woodstock Co.,* 44 Fed. Rep. 31; *Bentlif* v. *London & Colonial Corporation,* 44 Fed. Rep. 667; *Reifsnider* v. *American Publishing Co.,* 45 Fed. Rep. 433; *Forrest* v. *Union Pacific Railroad,* 47 Fed. Rep. 1; *O'Donnell* v. *Atchison &c. Railroad,* 49 Fed. Rep. 689; *Ahlhauser* v. *Butler,* 50 Fed. Rep. 705; *McGillin* v. *Claflin,* 52 Fed. Rep. 657.

*Judgment affirmed.*