HENRY PUSTER, receiver,

*v.*

PARKER MERCANTILE COMPANY.

[Filed March 10th, 1903.]

A subpœna to answer was served upon the vice-president of the defendant company while casually in the state on private business.—*Held,* that such service would not be set aside on motion.

 *Mr. Robert M. Boyd, Jr.,* for the applicant.

*Mr. Robert S. Hudspeth,* for the receiver.

STEVENS, V. C.

This is a motion to set aside service of a subpœna, on the ground that defendant is a foreign corporation, not subject to the jurisdiction of this court.

The practice here adopted is that which prevails in the courts of the United States. *Goldey* v. *Morning News, 156 U. S. 518.* It does not appear to have the sanction of the courts of this state. In *Kirkpatrick* v. *Post, 8 Dick. Ch. Rep. 592,* motion was made to set aside an order of publication as against two absent defendants, who were non-residents. The motion was denied, both in the court of chancery and on appeal (*8 Dick. Ch. Rep. 641*), on the ground that, being a mere notice to the defendants of the pending litigation, and thus affording them an opportunity of coming in and taking part in it, if they saw fit, it could not be the subject of complaint, as it could do them no harm. In that case there had been an order of publication. A notice of this order had not only been sent through the mail, but had actually been received. In the case in hand, the subpœna was served upon the vice-president of the corporation while casually in the state on private business. The situation in both cases is substantially the same. If in the one case the service could do no harm, neither could it in the other. It gave, in both, actual notice of the pendency of the suit and an opportunity to come in and defend on the merits, at the option of the person sued. In neither case, to use the language of the chief-justice in the case cited, is it to be assumed that the court of chancery would pronounce a decree founded on process of this character that would be illegal and contrary to the federal constitution. If the fact be truly set out in defendant's affidavits, it was not, at the time of attempted service, within the state for any purpose whatever, and consequently no better served and more subject to the jurisdiction of this court than was the defendant Post in the case cited. As a matter of practice, it seems to me that it would be most illogical to hold that in the case of publication, followed

by service out of the state, the motion to vacate should, on the ground stated, be denied, while in the case of service within the state, equally ineffective of itself to bring the defendant within the jurisdiction, the motion to set aside the service should be allowed.

The case principally relied on was the case of *Camden Rolling Mills Co.* v. *Swede Iron Co., 3 Vr. 16,* but that case came up on demurrer to a plea to the jurisdiction, the plea being sustained. The case is an authority for the position that if defendant pleads and proves the facts set up in his affidavits, the court will dismiss the bill for want of jurisdiction to adjudge the merits. It is not an authority for the propriety of this method of procedure. In *Moulin* v. *Insurance Co., 4 Zab. 234; S. C., 1 Dutch. 57,* there was also a plea to the jurisdiction.

I do not think that the service has been proved to be fraudulent.

The application should be denied.