WANGE v. PUBLIC SERVICE RY. CO.

(Circuit Court, E. D. New York. January 25, 1908.)

REMOVAL OF CAUSES—JURISDICTION ACQUIRED—SERVICE ON FOREIGN CORPORATION.

A suit against a corporation of another state cannot be maintained in a federal court in the district of the plaintiff's residence, where jurisdiction depends on diversity of citizenship alone, where service was not made within the district of suit and defendant has no place of business therein,

although it may have such place of business and be served in another district in the same state; and where such a suit has been properly removed into a federal court the service will be quashed.

On Motion to Set Aside Service.

Martin T. Manton, for plaintiff.

Page, Crawford & Tuska, for defendant.

CHATFIELD, District Judge. The plaintiff is a resident of Kings county. The defendant is a corporation organized and operating in the state of New Jersey. Its only business in the state of New York is that it maintains a ticket agent in the borough of Manhattan for the purpose of disposing of surface car tickets on the New York side of the Hudson river. The action was begun in the Supreme Court of New York for the county of Kings, and has been removed to the United States Circuit Court in this district by the defendant, appearing specially. The defendant now moves to set aside the service.

Under the authority of Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517, and Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113, this application must be granted. It is unnecessary to determine whether the corporation was doing business in the southern district of New York, or not. As was said in the case of Galveston, etc., Railway v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248, the provisions of section 740 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 587] and of Act Aug. 13, 1888, c. 866, § 1, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], limit the jurisdiction for the purpose of bringing original suit in the federal court to the district of the residence of the defendant, unless jurisdiction is based upon diversity of citizenship alone, in which case suit may be brought in either the district of the residence of the plaintiff or that of the defendant. In this case suit was brought by a person residing in the county of Kings, and service must have been made upon the defendant within the district where said county is located. By the provisions of Act March 3, 1875, c. 137, 18 Stat. 470, as amended by Act Aug. 13, 1888, c. 866, 25 Stat. 433 [U. S. Comp. St. 1901, p. 508], removal must be had into the Eastern district of New York, which has and can have no jurisdiction, on the ground of diversity of citizenship alone, over a New Jersey corporation doing business in some other district within the state of New York, unless service can be made within the district and unless business is being done by it therein. Case v. Smith, Lineaweaver & Co. (C. C.) 152 Fed. 730; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113; Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517.

Inasmuch as the court has no jurisdiction, and as the case is properly removable into the United States Circuit Court for this district, the service must be set aside.