LAWRENCE v. SOUTHERN PAC. CO. et al.

(Circuit Court, E. D. New York. July 28, 1910.)

1. CORPORATIONS (§ 202*)—SUIT BY STOCKHOLDER—MUST BE IN RIGHT OF CORPORATION.

A minority stockholder, if allowed to sue for a wrong done to the corporation, must recover, if at all, damages or specific performance which would result in the payment of money or transfer of property to the corporation, and in which all stockholders have their rights.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 777–780; Dec. Dig. § 202.*]

2. CORPORATIONS (§ 210*)—INDISPENSABLE PARTIES—SUITS BY STOCKHOLDERS.

To a suit by a stockholder in behalf of himself and other stockholders to recover an interest in property of the corporation alleged to have been wrongfully and illegally sold, in which complainant claims no rights except as a stockholder and in right of the corporation, the corporation is an indispensable party.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 810; Dec. Dig. § 210.*]

---

**3. Removal of Causes (§ 108\*)—Lack of Jurisdiction of Federal Court—Absence of Indispensable Parties—Dismissal or Remand "As Justice May Require."**

Section 5 of the federal judiciary act (Act March 3, 1875, c. 137, 18 Stat. 472), as amended by Act March 3, 1887, c. 373, § 6, 24 Stat. 555, and Act Aug. 13, 1888, c. 866, § 6, 25 Stat. 436 (U. S. Comp. St. 1901, p. 511), which provides that, if at any time it shall appear that a Circuit Court is without jurisdiction in a suit brought in or removed into such court, the court shall dismiss or remand such suit "as justice may require," does not give the court power to choose the forum for litigants and dispense with rights created by statute from motives of interest or sympathy with the litigants, and, where the jurisdiction of a state court has been terminated by the action of a party under the removal statute and jurisdiction exclusively established in the federal court over the cause of action and the parties before it, such court cannot remand the cause for lack of an indispensable party, without whose presence it cannot be determined and which cannot be brought in, but must dismiss it, even though such dismissal may deprive the plaintiff of the right to maintain the suit in any forum because wherever brought it will be removable, and then subject to dismissal for the same reason.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. § 217; Dec. Dig. § 108.\*]

In Equity. Suit by Walter B. Lawrence against the Southern Pacific Company, Frederic P. Olcott, the Central Trust Company of New York, the Farmers' Loan & Trust Company, the Metropolitan Trust Company of the City of New York, the Houston & Texas Central Railroad Company, the Texas Central Railroad Company, and the Houston & Texas Central Railway Company. On pleas. Decree of dismissal.

Dittenhoefer, Gerber & James (A. J. Dittenhoefer, H. Snowden Marshall, and David Gerber, of counsel), for plaintiff.

Joline, Larkin & Rathbone (Arthur H. Van Brunt and Henry V. Poor, of counsel), for defendants Central Trust Company of New York, Southern Pacific Company, and Houston & Texas Central Railroad Company.

Turner, Rolston & Horan, for defendant Farmers' Loan & Trust Company.

Parsons, Closson & McIlvaine, for defendant Metropolitan Trust Company of City of New York.

CHATFIELD, District Judge. The facts involved in the present motion are matters of record and are sufficiently set forth in the opinions upon the motions previously decided in 165 Fed. 241, and 177 Fed. 547.

The earlier of these motions was an application to remand to the state court from which the action had been removed, the plaintiff alleging that certain necessary defendants were citizens of the same state as himself. It appeared that these parties were not indispensable, and the motion was denied. The later application was for a dismissal of the action upon affidavits alleging facts from which it was apparent that the present situation was likely to develop, and also setting up the death of one of the defendants whose personal representatives had not sought to have themselves brought in, and

who could not be reached by the process of this court. That motion was disposed of upon the ground that the deceased defendant, or his personal representatives, were not indispensable to a trial of the issues between the other parties to the action, and also that the pleas which had been interposed should be brought on for argument, rather than on motion to anticipate the actual joinder of issues. At the present time the defendants the Southern Pacific Company and the Houston & Texas Central Railroad Company have joined in interposing a plea to the action, based upon the absence of the Houston & Texas Central Railway Company, as service cannot be had in such a manner upon that company as to be valid in the Circuit Court of the United States for this district. The Central Trust Company of New York, one of the defendants which was held to be a proper, but not indispensable, party upon the first motion to remand, has likewise interposed a plea of the same nature, and, a replication to these pleas having been filed by the plaintiff, a hearing has been had at which an agreed statement of facts has been presented. Upon these facts the defendants have moved to dismiss the entire action upon the ground of lack of jurisdiction, while the plaintiff has asked that, if the court does not retain jurisdiction, the action be now remanded to the state court, under the provisions of section 5, Act March 3, 1875, c. 137, 18 Stat. 472, as amended by Act March 3, 1887, c. 373. § 6, 24 Stat. 555, and Act Aug. 13, 1888, c. 866, § 6, 25 Stat. 436 (U. S. Comp. St. 1901, p. 511). It is apparent that the purpose of the various parties is to settle the question of jurisdiction, and to determine the forum (if any) in which this suit can be brought before a discussion of the merits of the case is attempted. The sufficiency of the plea of no jurisdiction, as a matter of law, is thereby raised, and, if the Circuit Court of the United States for this district has no jurisdiction, and if the action be dismissed, a determination of the case upon the merits is plainly unnecessary; while, if the action should be remanded to the state court, a determination upon the merits there should not be embarrassed by expressions of opinion of this court about what would be its decision if the case were before it.

The defendant contends as a primary proposition that the present action is in form what is known as a representative or stockholder's action. The plaintiff alleges in his complaint that he brings suit for himself and for all others who as minority stockholders have been affected by the various transactions in a similar way to himself, and who may come in and share in the burdens and benefits of the action. A number of cases have been cited upon this question, such as Davenport v. Dows, 85 U. S. 626, 21 L. Ed. 938, in which Judge Davis said:

"That a stockholder may bring a suit when a corporation refuses is settled in Dodge v. Woolsey, 18 How. 340 [15 L. Ed. 401], but such a suit can only be maintained on the ground that the rights of the corporation are involved. * * * A court of equity will not take cognizance of a bill brought to settle a question in which the corporation is the essential party in interest, unless it is made a party to the litigation."

Dewing v. Perdicaries, 96 U. S. 193, 24 L. Ed. 654, Central Railroad Co. of New Jersey v. Mills et al., 113 U. S. 249, 5 Sup. Ct. 456, 28 L.

Ed. 949, and Swan Land & Cattle Co. v. Frank, 148 U. S. 603, 13 Sup. Ct. 691, 37 L. Ed. 577, all substantiate this proposition. Various New York state decisions cited and affirmed in Niles v. New York Central, etc., R. R. Co., 176 N. Y. 119, 68 N. E. 142, hold to the same effect. A minority stockholder, therefore, if allowed to sue for a wrong done to the corporation, must recover, if he recovers at all, damages or specific performance which would result in the payment of money or transfer of property to the corporation, and in which all stockholders have their rights as stockholders. In the cases of De Neufville v. New York, etc., Ry. Co., 81 Fed. 10, 26 C. C. A. 306, Redfield v. Baltimore & Ohio R. R. Co. (C. C.) 124 Fed. 929, and Ames v. American Tel. & Tel. Co. (C. C.) 166 Fed. 820, it was held on demurrer that when the injuries alleged have been sustained, if at all, by the corporation, it should come in and defend its action, or its failure to follow up the alleged wrongs, and the corporation was decided in each case to be a necessary party.

The plaintiff herein attempts to meet the charge that this is a representative action, and that the Houston & Texas Central Railway Company (which has not been served) is a necessary party to the suit. He has cited Rogers v. Penobscot Mining Co., 154 Fed. 606, 83 C. C. A. 380, and Sioux City Terminal R. & W. Co. v. Trust Co. of N. A., 82 Fed. 124, 27 C. C. A. 73, in which the courts discuss at length the provisions of section 737 of the Revised Statutes (U. S. Comp. St. 1901, p. 587), and equity rule 47. But these cases do not settle for us the question whether the Houston & Texas Central Railway Company is an indispensable rather than a proper party in the present action. In the case of Rogers v. Penobscot Mining Co., supra, a number of citations are given and a clear definition of indispensable and proper parties furnished on page 616 of the report. The conclusion is that the defendants in question were necessary parties under the old chancery rule, but not indispensable parties under the section and rule above referred to, "because a final decree can be rendered herein between the complainants and the defendants, which will completely adjudicate their rights, without binding or injuriously affecting the rights of the defendants not served." Recently in this circuit, in the case of Kuchler v. Greene (C. C.) 163 Fed. 91, and again in Slater Trust Co. v. Randolph-Macon Coal Co. (C. C.) 166 Fed. 171, the Circuit Court of the Southern District of New York passed upon the question whether a certain defendant was an indispensable party. In the Kuchler v. Greene Case the action was against individuals for an accounting of profits as between stockholders, while in the Randolph-Macon Case the real controversy was against certain directors, who were being sued for fraud by bondholders who asked for money damages, and, while each case is near enough in its nature to the case at bar to afford some aspects of a representative action, nevertheless the actual relief there demanded would not seem to be the restoration of rights to the corporation itself, to be there devoted to corporation purposes for the benefit of the plaintiff, as is the case in the present action. In Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260, the Supreme Court of the United States said that the rule requiring all persons materially interested to be made parties to an action should yield if the

court is able to proceed to a decree and to do justice to the parties before it, especially when an enforcement of the rule would oust the court of jurisdiction, "and deprive parties entitled to the interposition of a court of equity of any remedy whatever."

Many cases are cited in support of this proposition, and Mr. Justice Story in West v. Randall, 2 Mason, 181, Fed. Cas. No. 17,424, again refers to the necessity of such a yielding of rule in the United States Courts, where the limited nature of its authority might otherwise oust the court of jurisdiction. In Ervin and Others v. Oregon Railway & Nav. Co. (C. C.) 20 Fed. 577, a corporation was held not to be indispensable as it was not a going concern, when the plaintiffs, who were formerly stockholders, attempted to follow into the hands of third parties assets that had been transferred by the corporation before it ceased to exist. The doctrine asserted in this case is more nearly applicable to the present litigation than any of the other cases cited, and but for the peculiar facts of this case might be taken as a precedent at the present time.

In the present action, however, the charge is that the missing defendant company, which now appears to have but one director within the state of New York, and to be doing no business in that state, to have had no election of directors since 1885, and to have had no meetings of any sort since the decree of foreclosure under which the property was sold, should nevertheless be brought to life, and its directors should sue the other defendants to recover the property which it is charged was illegally transferred or allowed to be transferred for the benefit of certain majority stockholders. And prior to the death of the defendant Olcott there was also present the question as to the ownership of certain land admittedly available as security for an issue of bonds, but, if more than sufficient to secure that issue, apparently originally an asset of this absent defendant corporation.

The plaintiff does not seek to recover a share of the profits of any of the transactions of the corporation or its majority stockholders. He does not seek to obtain damages, nor is there any theory shown upon which he can prove damage to his property, nor as to which an accounting would result in a decree in which compensation could be computed upon the plaintiff's rights as distinguished from his ultimate position as a stockholder in the absent corporation. It would seem to be necessary to hold, therefore, that this action cannot proceed without the presence of the Houston & Texas Central Railway Company as a party thereto. Nor can it be urged that this railway company can be aligned as anything but a defendant, and therefore entitled to representation upon any trial. It is the real party in interest if the sales of its property were invalid, and it is accused of the wrongdoing by which its property was sold.

We therefore must consider what the situation is with this corporation a necessary and indispensable party, which has not been and cannot be served in such a manner in the present action as to give this court jurisdiction over it. This defendant corporation must be brought into this court by proper service, and it appearing that a corporation doing no business within the state, and, having no one who can be served either as officer or director, when engaged in the business of the

corporation (Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. Ed. 517; Conley v. Mathieson Alkali Works, 190 U. S. 406, 23 Sup. Ct. 728, 47 L. Ed. 1113), cannot be made a party under the jurisdiction of the Circuit Court itself, we must consider what is necessary procedure upon the present application. Venner v. Great Northern Railway Co., 209 U. S. 24, 28 Sup. Ct. 328, 52 L. Ed. 666. In the last-named case the Supreme Court holds that a case is removable to the Circuit Court by the defendant, if it be one of which some Circuit Court of the United States has jurisdiction, for instance, a controversy between citizens of different states (the Circuit Court having determined that it had jurisdiction, and that it had jurisdiction of the subject-matter of the litigation, and having passed upon the compliance with the requirements of equity rule 94, relating to the verification of a stockholder's bill, founded upon rights which can be asserted by a corporation); that the very exercise of such a determination of jurisdiction was an exercise of jurisdiction over the subject-matter of the action; and that the case should proceed in the Circuit Court for a further determination upon the merits.

In the case of In re Moore, 209 U. S. 490, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, the differences and difficulties found in the numerous decisions of removal cases are referred to, and the provisions of the various sections of the law—chapter 137 of 1875, as amended by chapter 866 of 1888, and chapter 373 of 1887—are discussed. The court therein explained the case of Ex parte Wisner, 203 U. S. 449, 27 Sup. Ct. 150, 51 L. Ed. 264, and held, citing many other cases, that the general description of jurisdiction of United States courts set forth in section 1 of the act of 1888, above quoted, allows the removal of any case into the proper Circuit Court of the United States from a state court, when the Circuit Courts of the United States generally would have jurisdiction of the subject-matter of such an action, or when a controversy between the parties to the suit might be brought in some Circuit Court of the United States, and when the defendants have either waived the right to dispute the jurisdiction of the court of that particular district, rather than that of some other district, or have consented to the choice of districts by bringing removal proceedings on their own behalf. The court says on page 506 of 209 U. S., on page 591 of 28 Sup. Ct., 52 L. Ed. 904:

"So long as diverse citizenship exists, the Circuit Courts of the United States have a general jurisdiction. That jurisdiction may be invoked in an action originally brought in a Circuit Court or one subsequently removed from a state court, and, if any objection arises to the particular court which does not run to the Circuit Court as a class, that objection may be waived by the party entitled to make it. As we have seen in this case, the defendant applied for a removal of the case to the federal court. Thereby he is foreclosed from objecting to its jurisdiction. In like manner, after the removal had been ordered, the plaintiff elected to remain in that court, and he is, equally with the defendant, precluded from making objection to its jurisdiction."

The statement, "The defendant applied for a removal of the case to. the federal court. Thereby he is foreclosed from objecting to its jurisdiction," would seem to be an express holding that the application for removal is a waiver of any objection to the exercise of the jurisdiction which some Circuit Court of the United States might have, as

distinguished from the particular Circuit Court to which removal is asked. On page 496 of 209 U. S., on page 587 of 28 Sup. Ct., 52 L. Ed. 904, the court says, also:

"That the defendant consented to accept the jurisdiction of the United States court is obvious. It filed a petition for removal from the state to the United States court. No clearer expression of its acceptance of the jurisdiction of the latter court could be had."

In the present case an exactly similar situation exists. The defendants have not objected to the jurisdiction of the United States court. They have not attempted to appear specially, except for the purpose of removing the case, and they have filed pleas, thereby admitting the jurisdiction of this court over the parties and its right to determine whether it has jurisdiction over the cause of action. Venner v. Great Northern Railway Co., supra, at page 35 of 209 U. S., at page 328 of 28 Sup. Ct., 52 L. Ed. 666.

The statements in the Moore Case are broad enough to cover the case of a defendant who has appeared specially, solely for the purpose of removal, and then has objected to the jurisdiction of the Circuit Court of the United States upon the sole ground that the suit could not have been originally brought in that particular district. It would seem to follow that in such a case the right to make an objection of that nature—that is, to the jurisdiction of the court over the parties—had been waived. But the present case goes a step further. It is similar to a motion to dismiss by a defendant who has appeared specially and removed the case upon the ground that the service of the parties has not been of such nature as to allow the action to be maintained in the Circuit Court of the United States under the provisions of section 3 of the act. This section provides that, after removal, the cause shall then proceed in the same manner as if it had been originally commenced in the said Circuit Court. But section 5 of said act further provides that if at any time it shall appear that the suit does not properly belong within the jurisdiction of said Circuit Court, or there has been improper or collusive joinder of parties, that the Circuit Court shall proceed no further therein, "but shall dismiss the suit or remand it to the court from which it was removed, as justice may require." It may be noted here that in some cases the sentence just quoted has been interpreted to mean that, if the court does not appear to have jurisdiction, the suit shall be dismissed, if begun in the Circuit Court, but that it shall be remanded if removal has been had. See Northern Pac. Ter. Co. v. Lowenberg (C. C.) 18 Fed. 339. But the words in the alternative, followed by the phrase "as justice may require," which have been quoted above, do not indicate that this sentence was intended to be applied in the respectively consecutive way just indicated, but, on the contrary, when either of the conditions arise, the proper alternative remedy should be applied to that condition. With respect to the question of when an action should be dismissed, if a defendant appeared specially and removed the case, and then claimed that the court had not jurisdiction of the action and could not proceed to final judgment, it is only necessary to refer to such decisions as Goldey v. Morning News, supra, where an action was dismissed because the service of the parties was not such as would justify the main-

tenance of an action in the United States court, Conley v. Mathieson Alkali Works, supra, Geer v. Same, 190 U. S. 428, 23 Sup. Ct. 807, 47 L. Ed. 1122, and many others in the Circuit Courts themselves.

In the present case the alleged defect does not lie in the method of service. It does not lie in a question as to whether the parties now here are properly before the court, nor whether they can object to the court's disposing of the case. Its right so to do is admitted. But the precise objection is that the case cannot proceed to judgment through the lack of an indispensable party, and that the objection on that ground must be considered exactly as if the action had been instituted in the Circuit Court of the United States originally, and upon the trial plaintiff had been confronted with an objection to proceeding in the absence of this indispensable defendant. There would be no answer to such a situation, and in a case at law a dismissal or the withdrawal of a juror, accompanied by the granting of leave to amend or to bring in the party (or in a case tried without a jury similar action in the appropriate way), would be necessary.

The defendants insist that upon the testimony offered, the action being now before the court on a hearing upon the pleas raising these precise questions, and it admittedly being impossible to serve or to obtain the appearance of the missing defendant, no alternative exists other than that the action should be dismissed. Such a decision would leave the plaintiff apparently remediless, for he could not serve the various defendants in any Circuit Court of the United States, and he could not start an action in the state court, as every action of this nature would be subject to removal and a similar dismissal. The effect of this interpretation would be to make the act of Congress not jurisdictional for the sake of removing and hearing the cause, but jurisdictional to the extent of taking the plaintiff from a forum where his case could be heard, and compelling him to litigate in a forum where his case could not be heard, and from which he could not escape with the possibility of bringing his action in any other court.

The two positions are exactly illustrated by the cases of Goldey v. Morning News, and Ex parte Wisner, above referred to. The language of the court in the Goldey Case intimated that wherever an action was brought under such circumstances that the courts had exercised the jurisdiction given by Congress under the Constitution to the extent of providing a method by which the United States court must, if its power were invoked, take charge of the case, such jurisdiction was then exclusive, and should not be relinquished when the parties had not instituted their action by ways which complied with the necessary requirements of the United States Circuit Court. The Wisner Case, on the other hand (while holding that the removal statutes had narrowed the jurisdiction of the Circuit Courts, and while applying the rule as to the limitation of jurisdiction as to the particular district of residence, which limitation has since been in effect removed by the case of In re Moore, supra), nevertheless held that if the defendant appeared specially for the purpose of removal, and then raised the question of lack of jurisdiction, and if the plaintiff accepted that contention and asked for remand, the remedy should not be dismissal, but that the Circuit Court should have remanded the case; a manda-

mus to that effect being granted. It would seem that in the present case no reason has been shown why the Circuit Court of the United States for this district should not try the action between citizens of different states, involving more than the statutory amount, if they are properly brought into court. An application by the defendant, being a nonresident, for removal into this court, precludes him from questioning the jurisdiction of this court over him, if he was properly made a party; but if the defect in acquiring jurisdiction arose through the service of process, and a suit is sought to be maintained which has been instituted by methods which the Circuit Court of the United States cannot support, dismissal should follow. The corporation in this particular action is an indispensable party, and this court has entire jurisdiction to determine whether or not the suit can proceed with or without this party. We are hence brought down to the necessity of determining what should be done with an action that is not in a condition to proceed for lack of this indispensable party, where all other elements of jurisdiction exist.

The sole question presented in the last analysis upon this motion is whether an action should be dismissed for lack of an indispensable party, when all other elements of jurisdiction over the case are present, and when such dismissal might deprive the plaintiff from maintaining his action in any forum, it being apparent that, wherever brought, the suit might be subject to removal into the United States court, and then to dismissal for the same reason. The statute providing for the removal of causes was intended to give litigants residing in different states an opportunity to remove cases into a forum which would apply the laws relating to the case in a uniform manner without reference to where the court might be held; that is, to free the trial of the action from the legal restrictions or conditions of the courts of either party's home. The provision that after removal the removed case shall proceed as if originally begun in the United States court means that from that time on the rights of the parties provided the case can be considered by the court are to be interpreted according to their actual positions when tested by the standards of the laws of the United States, with reference to their claims for relief. If it were not for the language of section 5, providing for dismissal or remand "as justice may require," there would be no room for argument. The exercise of the power to remand when justice does require has been established by the cases already cited. As such action is an exercise of discretion, appeal does not lie, while from an order of dismissal on ground of lack of jurisdiction, an appeal may be had. Goldey v. Morning News, supra, at page 520 of 156 U. S., at page 559 of 15 Sup. Ct., 39 L. Ed. 517, and Courtney v. Pradt, 196 U. S. 89, 25 Sup. Ct. 208, 49 L. Ed. 398. In the present instance, if the word "justice" be interpreted to mean the possibility of bringing the various defendants into court, then remand would be the only remedy. If "justice" means a hearing and disposition of the case by a court having jurisdiction of a controversy between citizens of different states, and also jurisdiction over all of the parties before it, with a determination that no judgment against any defendant can be entered, because an indispensable defendant has not and cannot be made party to the suit, then the present

action should be dismissed.   None of the cases cited answer this question.   The courts have remanded actions to the Supreme Court when improperly removed, when the requisite diversity of citizenship has not been shown, when, in general, jurisdiction in the state court did exist before removal, and this has not been ousted by the exercise of the rights given to parties defendant under the removal statute.   But no case has been brought to the court's attention where it has been definitely held that (if the jurisdiction of the state court be terminated by the action of any party under the removal statute, and if the jurisdiction over the cause of action and over the parties before the court be thereby exclusively established in the Circuit Court of the United States for any district) because of hardship alone, or from the standpoint of equitable motives, the legal jurisdiction of the United States court should be done away with by the court itself.   The theory that the words "as justice may require" give the court the power to choose the forum for litigants and dispense with rights created by statute from motives of interest or sympathy with the litigants whose cause of action may be nullified because no court can apply a remedy is, it is thought, beyond the jurisdiction of a Circuit Court of the United States.

The question is very similar to that raised in cases where service of the parties has been obtained by methods which will not stand the test of the United States court rules and decisions.   Where a party has been sued in a district other than that of his residence, but when the amount involved is sufficient and the parties are citizens of diverse states, it is apparent that some United States court has jurisdiction of such a cause of action, and that the particular parties to the action are within its jurisdiction to the extent of determining whether it will proceed to judgment.   But, if the defect be only that the suit has been instituted in a way which the United States courts will not recognize as sufficient to allow the entry of judgment, dismissal is the remedy, rather than to exercise jurisdiction in a case in which the court is not satisfied to allow that judgment to be entered in some other forum, with the sanction of the United States court, upon the very point which it has already determined would not justify a judgment in the United States court itself.   Such cases as have been cited establish the proposition that if jurisdiction exists over the subject-matter of the action, but if there is a defect in jurisdiction over the parties, that question of jurisdiction should be determined as if the action had been begun in the United States Circuit Court in the first instance; and the conclusion would seem to be necessary that for this court to send the present action (which is between citizens of different states, which has been properly removed into this district, and which could be determined as between the parties before the court, if no one else were necessary to such determination, and hence in which there is no defect of jurisdiction but simply lack of parties) to a state court for trial, and thereby to hold that such a suit does not properly belong within the jurisdiction of this court, or that there has been improper or collusive joinder of parties, is impossible, and it must be held that the defendants interposing the pleas are entitled to judgment dismissing the action, if the absent party be not brought in within a reasonable time.