KAREN NELSON MOORE, Circuit Judge,
concurring.
I agree with the majority that the defendants have waived any challenge to personal jurisdiction through their participation in the proceedings below. I also agree that the key question in this case is when the defendants gave an indication that they intended to defend this suit on the merits. See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assocs. of Houston Metroplex, P.A., 623 F.3d 440, 443 (7th Cir.2010). I disagree, however, with the majority’s conclusion that the critical point here was the defendants’ counsel’s filing of an Entry of Appearance — a one-sentence announcement of the identity of the defendants’ attorney of record. In my view, the defendants consented to the personal jurisdiction of the district court when they filed a motion to enforce a settlement agreement that the defendants believed was valid at that time. Perhaps more importantly, however, I believe that the holding of the majority is unwise; in *521 light of the facts of this case, a formalistic, one-sentence notice of appearance as counsel simply cannot amount to a waiver of the right to file a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). I therefore concur in the judgment only.
I. THE MAJORITY ADOPTS A NEW TEST FOR WAIVER OF PERSONAL-JURISDICTION DEFENSES, BUT THEN APPLIES THE OLD ONE.
Before the Federal Rules of Civil Procedure were adopted in 1938, a defendant seeking to challenge the district court’s exercise of personal jurisdiction would make a limited, or “special,” appearance before the court to lodge the objection. See, e.g., Harkness v. Hyde, 98 U.S. (8 Otto) 476, 478-79, 25 L.Ed. 237 (1878); see generally 5B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1344 (3d ed.2011). This special appearance was conceptually different from a “general” appearance, which was viewed as a sign that the defendant acknowledged the existence of personal jurisdiction and intended to defend the action on the merits. See Goldey v. Morning News, 156 U.S. 518, 521, 15 S.Ct. 559, 39 L.Ed. 517 (1895) (stating that personal jurisdiction can be acquired over the defendant “by his waiver, by general appearance or otherwise”). “The term ‘general appearance’ historically applied to the defendant’s submission of pleadings or motions, not limited to jurisdictional questions, regardless of whether the defendant or the defendant’s attorney is physically present in court.” 16-108 James Wm. Moore et al„ Moore’s Federal Practice, § 108.53[2] (3d ed.2011).
Rule 12 changed the practices surrounding challenges to personal jurisdiction, notably by ending reliance on the appearance doctrine. “Rule 12 ... abolished for the federal courts the age-old distinction between general and special appearances.” Orange Theatre Corp. v. Rayherstz Amusement Corp., 139 F.2d 871, 874 (3d Cir.1944) (en banc). Acknowledging this, we have held that, “In order to object to a court’s exercise of personal jurisdiction, it is no longer necessary to enter a ‘special appearance.’” Cty. Sec. Agency v. Ohio Dep’t of Commerce, 296 F.3d 477, 483 (6th Cir.2002); see also Haile v. Henderson Nat’l Bank, 657 F.2d 816, 820 n. 4 (6th Cir.1981) (stating, with respect to challenges to service of process, that “a ‘special appearance’ to challenge [personal] jurisdiction is no longer necessary under the Federal Rules. A defendant must attack the validity of service of process pursuant to Rule 12(b).”). On the other hand, the term “general appearance” still appears in some cases in the context of personal-jurisdiction challenges, although a precise definition of exactly what qualifies as a general appearance is not provided. See Reynolds v. Int’l Amateur Athletic Fed’n, 23 F.3d 1110, 1120 (6th Cir.1994) (“Under F.R.C.P. 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance.”); Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 700 (6th Cir.1978) (quoting Goldey, 156 U.S. at 521, 15 S.Ct. 559); see also 16-108 Moore’s Federal Practice § 108.53[2] (“The term [“general appearance”] is still widely used to describe acts by the defendant sufficient to support jurisdiction, even in discussions of jurisdiction in courts that have adopted the Federal Rules of Civil Procedure, which provide a waiver procedure instead of the appearance doctrine.”) (internal citation omitted).
Rule 12(h)(1) now sets out the circumstances in which a challenge to personal *522 jurisdiction can be waived. According to the rule:
A party waives any defense listed in Rule 12(b)(2) — (5) by:
(B) failing to either:
(i) make it by motion under this rule; or
(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.
Fed.R.Civ.P. 12(h)(1)(B). Such an inquiry is easy in most cases. One can look at the defendant’s answer or pre-answer motion; either personal jurisdiction is raised or it isn’t. Yet cases like the present one, in which numerous other issues are raised from the outset of the case, can present a more difficult situation. Notwithstanding the absence of an answer or pre-answer motion, a defendant can still waive a personal-jurisdiction challenge by certain participation in the litigation. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); Days Inns Worldwide, Inc. v. Patel, 445 F.3d 899, 905 (6th Cir.2006).[1]
To assess whether such a waiver through participation in the litigation has been made, several other circuits take a common-sense approach to determining whether a party has waived a personal-jurisdiction challenge. All of these attempt to ensure compliance with the spirit of Rule 12 — “which is to expedite and simplify proceedings in the Federal Courts,” Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir.1990) (internal quotation marks omitted) — when the letter of Rule 12 itself does not provide clear guidance.[2]
Perhaps the best description of this approach comes from a Seventh Circuit case cited by the majority, Mobile Anesthesiologists: “To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it *523 will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.” 623 F.3d at 443. The Seventh Circuit has also asked whether the defendants’ actions “manifest[] an intent to submit to the court’s jurisdiction” and whether they comply with “the spirit of’ Rule 12(h) even where they already comply with the letter of the rule. Continental Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir.1993). This straightforward description of the inquiry to be undertaken has the advantage of ensuring that cases with atypical preliminary pleading histories, such that the letter of Rule 12 is difficult to apply, are decided in a manner that comports with the policy behind Rule 12(h). It also parallels the inquiry undertaken in a related situation: determining whether a defendant’s purposeful availment of a forum state — separate and apart from participation in the litigation at issue — results in the existence of specific jurisdiction.[3] As the Supreme Court recently observed with respect to specific jurisdiction, “The principal inquiry in cases of this sort is whether the defendant’s activities manifest an intention to submit to the power of a sovereign.” J. McIntyre Mach., Ltd. v. Nicastro, — U.S. -, 131 S.Ct. 2780, 2788, 180 L.Ed.2d 765 (2011).
Unfortunately, although the majority states at the outset that it approves of this type of inquiry, it does not go further and undertake it. Instead, it engages in a two-step line of analysis that makes no mention of whether the defendants gave the plaintiffs “a reasonable expectation that [they] will defend the suit on the merits” or whether the defendants had “cause[d] the court to go to some effort that would be wasted if personal jurisdiction is later found lacking.” First, the majority relies on a case mentioning (but not explaining) the old (and abandoned) distinction between special and general appearances. See Reynolds, 23 F.3d at 1120 (“Under F.R.C.P. 12(h), a party waives the right to contest personal jurisdiction by failing to raise the issue when making a responsive pleading or a general appearance.”). Then the majority states, without further explanation, that the defendants filed a document that constitutes a general appearance, thereby waiving any objections to personal jurisdiction. As explained below, this makes no sense.
II. A ONE-SENTENCE NOTICE OF APPEARANCE OF COUNSEL, FILED IN RESPONSE TO A COURT ORDER, IS NOT RELEVANT TO RULE 12.
The defendants in this case filed numerous documents in the district court before the April 1, 2009 motion to dismiss for lack of personal jurisdiction. These filings included the following:
• October 16, 2006: Entry of appearance as counsel. (R. 22)
• October 30, 2006: Motion to stay pending arbitration. (R. 23)
• November 1, 2006: Motion to vacate the notice of default. (R. 24)
• July 3, 2007: Motion for an extension of time to file Rule 26 disclosures. (R. 40)
• July 6, 2007: Motion to enforce a settlement agreement. (R. 42)
*524 • July 9, 2007: Initial disclosures. (R. 44)
• March 27, 2009: Motion to withdraw the July 6, 2007 motion to enforce a March 27, 2009: Motion to withdraw the July 6, 2007 motion to enforce a settlement agreement. (R. 65)
The majoi'ity picks the first of these filings: the Entry of Appearance filed by the defendants’ attorney on October 16, 2006. Even insofar as the term “general appearance” may be useful in this context as a short-hand way of referring to pleadings or motions that “give a plaintiff a reasonable expectation that [the defendants] will defend the suit on the merits or [that] cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking,” Mobile Anesthesiologists, 623 F.3d at 443, I do not believe that the Entry of Appearance filed in this case falls within this concept. This Entry of Appearance document is a one-page — indeed, one-sentence — pro forma notice of appearance of counsel. In its entirety, it reads: “Now comes Richard M. Kerger and enters his appearances [sic] as counsel for defendants, James C. Riordan and Seven Locks Press Corp. in this matter.” ■ R. 22 (Entry of Appearance). This document does nothing more than give notice of the identity of the defendants’ counsel of record. As the Supreme Court of Florida noted when it rejected the notion that the filing of a notice of appearance will waive a personal-jurisdiction challenge under Florida law, such a document “indicates no acknowledgment of the court’s authority, contains no request for the assistance of its process, and, most important, reflects no submission to its jurisdiction.... Such a conclusion [of waiver] represents ... no less than the apotheosis of a meaningless technicality.” Public Gas Co. v. Weatherhead Co., 409 So.2d 1026, 1027 (Fla.1982) (internal quotation marks omitted). The Entry of Appearance filed in this case therefore was not, in my view, the sort of participation in litigation that constitutes a submission to the personal jurisdiction of the district court.
Moreover, the context in which this particular document was filed demonstrates clearly that it did not constitute a general appearance and that it did not give the plaintiffs an indication that the defendants would defend the suit on the merits. On August 7, 2006, at the very beginning of the suit, the defendants filed a pro se motion to dismiss for lack of personal jurisdiction. R. 9 (Motion to Dismiss). Because corporate defendants are not permitted to proceed pro se, the district court ordered defendant Seven Locks Press to “cause an appearance to be filed on its behalf by counsel or otherwise show why its default should not be entered and further proceedings scheduled accordingly.” R. 14 (Order). The October 16, 2006, Entry of Appearance was therefore filed directly in response to this order — • not because the defendant’s attorney was intending to defend the suit on the merits. How, then, could this perfunctory document be construed as or deemed to be a submission to the personal jurisdiction of the district court when it was filed in response to a court order?
Furthermore, at the time that the defendants filed the Entry of Appearance, the pro se motion to dismiss for lack of personal jurisdiction was still pending. Additionally, about two months later, the district court issued an order that “deemed” the pro se motion to dismiss for lack of personal jurisdiction “withdrawn, without prejudice to defendants’ right to renew said motion.” R. 28 at 2 (Order) (emphasis added). It was clear to everyone, then, that as of the date of that order, December 8, 2006, the defendants still retained the *525 right to assert their personal-jurisdiction defense. As a result, it makes no sense to find now that the Entry of Appearance, filed in response to an order by the district court to identify corporate counsel, was also a full-fledged consent to the district court’s exercise of personal jurisdiction over the defendants.
By the same token, the majority’s holding appears to be at odds with Rule 12 itself. Rule 12(h) gives a defendant the right to raise the defense of lack of personal jurisdiction, along with the defenses of improper venue, improper process, and improper service of process, in a pre-answer motion or in the answer, whichever is filed first. Rule 12(h) says nothing about the effect of notice-giving documents or documents entered in response to a court order. Yet according to the majority, an attorney must now be wary, lest the attorney’s client later be deemed to have unknowingly waived its right to contest personal jurisdiction. In other words, as a result of the majority’s opinion, rather than file a notice of appearance, an attorney is “required at the door of the federal courthouse to intone that ancient abracadabra of the law, de bene esse, in order by its magic power to enable himself to remain outside even while he steps within.” Orange Theatre Corp., 139 F.2d at 874. This is the procedure that Rule 12 was designed to change, not to reinforce.
III. THE MOTION TO ENFORCE A SETTLEMENT AGREEMENT CONSTITUTES WAIVER.
Several of the other filings of the defendants before their second motion to dismiss for lack of personal jurisdiction present a close call as potential waivers. There is one filing, however, that in my view clearly stands out as showing the obvious intent of the defendants to submit to the personal jurisdiction of the court. I believe that the defendants’ July 6, 2007 filing of a motion to enforce a settlement agreement allegedly entered between the parties constituted the pivotal moment at which they undeniably waived their personal-jurisdiction defense. R. 42 (Motion to Enforce Settlement). This motion to enforce a settlement is clearly inconsistent with the idea that the district court lacked personal jurisdiction over the defendants; indeed, the motion to enforce a settlement directly seeks to have the district court use its power over the parties (including the defendants) to bind them to a settlement agreement. See Mobile Anesthesiologists, 628 F.3d at 443. This was also the defendants’ “first significant defensive move,” Rates Technology, 399 F.3d at 1307, and it “manifested] an intent to submit to the court’s jurisdiction,” Continental Bank, 10 F.3d at 1297. The defendants’ act of waiting another twenty months to litigate personal jurisdiction also did not conform to the spirit of Rule 12(h), which calls for an early invocation of a personal-jurisdiction defense. Id.
I believe, moreover, that the defendants themselves likely recognized that the motion to enforce the settlement agreement posed problems for their personal-jurisdiction defense, because they moved to withdraw that motion immediately before filing their second motion to dismiss for lack of personal jurisdiction. Compare R. 65 (Motion to Withdraw Motion to Enforce Settlement, filed March 27, 2009); with R. 67 (Order granting the defendants’ Motion to Withdraw, filed March 30, 2009); and R. 68 (Motion to Dismiss, filed April 1, 2009). The withdrawal of the motion to enforce the settlement agreement appears to have been gamesmanship: after unsuccessfully seeking to have the district court bind the parties to a settlement agreement, the defendants then sought to remove this motion from the record to clear the way for a *526 personal-jurisdiction defense. I believe that we should reject this attempt.
Because I believe that the filing of a one-sentence notice of appearance as counsel does not constitute a submission to the personal jurisdiction of the court, I cannot agree with the reasoning of the majority opinion in this case. Yet because I would hold that the defendants’ act of filing a motion to enforce a settlement agreement clearly gave the plaintiffs “a reasonable expectation that [the defendants] w[ould] defend the suit on the merits,” Mobile Anesthesiologists, 623 F.3d at 443, I concur in the judgment.

. "Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right.” United States v. Olano, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We have held that participation in litigation that results in the loss of the right to challenge personal jurisdiction constitutes waiver, see Patel, 445 F.3d at 905 n. 6, but the Second Circuit has opted to describe this as forfeiture. In the Second Circuit’s view, "Where a litigant’s action or inaction is deemed to incur the consequence of loss of a right, or, as here, a defense, the term ‘forfeiture’ is more appropriate.” Hamilton v. Atlas Turner, Inc., 197 F.3d 58, 61 (2d Cir.1999). Along with the Second Circuit, I believe that the term "forfeiture” is a more accurate description of a defendant’s loss of the right to challenge personal jurisdiction, but I will use the term "waiver” in the remainder of this opinion, consistent with our circuit's established practice.

. For example, the Federal Circuit has advanced the notion that a personal-jurisdiction challenge must be made " 'at the time the first significant defensive move is made[.]’ " Rates Tech., Inc. v. Nortel Networks Corp., 399 F.3d 1302, 1307 (Fed.Cir.2005) (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ’ed.2004)). The Second Circuit has held that forfeiture of personal jurisdiction may occur through both conduct and missed opportunities to litigate tire issue. Hamilton, 197 F.3d at 61. In Hamilton, the court faulted the defendants for failing to litigate personal jurisdiction despite "four distinct opportunities to move to dismiss during [a] four-year interval.” Id. Lastly, the D.C. Circuit has noted that even where Rule 12(h) cannot be applied literally, courts should apply the rule’s "rationale — that defendants should raise such preliminary matters before the court's and parties’ time is consumed in struggle over the substance of the suit — where a defendant has engaged in extensive post-default litigation without suggesting an infirmity in personal jurisdiction.” Democratic Republic of Congo v. FG Hemisphere Assocs., LLC, 508 F.3d 1062, 1064 (D.C.Cir.2007).

. Personal jurisdiction can exist in two forms: specific jurisdiction and general jurisdiction. "In contrast to general, all-purpose jurisdiction, specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.” Goodyear Dunlop Tires Operations, S.A. v. Brown, - U.S. -, 131 S.Ct. 2846, 2851, 180 L.Ed.2d 796 (2011) (internal quotation marks omitted). We deal here only with specific jurisdiction.